IN THE MATTER OF THE ESTATE OF WILLIAM T. HORNER, Deceased; WILLIAM H. PAYNE, Executor, Appellant, v. NANCY HORNER, Respondent.

St. Louis Court of Appeals, May 12, 1896.

Administration: EFFECT OF DEPOSIT OF FUNDS OF ESTATE IN BANK TO PERSONAL CREDIT OF EXECUTOR. When an executor deposits funds of the estate of his testator in bank and takes therefor a certificate of deposit in his own name individually, the deposit is at his own risk, and a loss happening from the failure of the bank will, therefore, fall on him and not on the estate. Nor will the fact, that he informed the bank at the time of deposit that the funds belonged to an estate of which he was administrator, alter the liability.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*John A. Patterson* and *Lincoln & Lydy* for appellant.

It is only where the trust funds are mingled with the personal funds of the trustee, that liability attaches

to him for loss on account of the bank's failure, in the event that ordinary prudence was exercised in the selection of such depository; for such commingling amounts to a conversion of the funds. 1 Perry on Trusts, sec. 128; 2 Pomeroy's Eq. Jur., sec. 1076, p. 654; *Parsley's Adm'r v. Martin*, 46 Am. Rep. 737; *Atterberry v. McDuffee*, 31 Mo. App. 603; *Swinfin v. Swinfin*, 29 Beav. 211; *Matter of Stafford*, 11 Barb. 353; *Haskin v. Haskin*, 4 Lans. 90; *Parker's Estate*, 64 Pa. St. 307. Where the loss occurs, not on account of the form of the deposit, but on account of the failure of the bank, and the executor has, at the time of making the deposit, notified the bank that it was trust funds, the estate must bear the loss. *Parsley's Adm'r v. Martin*, 46 Am. Rep. 737; *Atterberry v. McDuffee*, 31 Mo. App. 603. Anything that will distinguish it as a trust fund will relieve the executor. *Massey v. Banner*, 1 Jacob & W. 248; *Jacobus v. Jacobus*, 37 N. J. Eq. 17, 20. Even though the deposit is in the individual name of the depositor, still, if the bank have notice of its trust character, and its identity can be ascertained, the depositor does not become an individual creditor of the bank (*Bank v. King*, 57 Pa. St. 202; *Nat. Bank v. Ins. Co.*, 104 U. S. 54; *School Dist. v. Bank*, 102 Mass. 174); for notice to the bank prevents a transfer or the creation of a lien by the depositor, or prevents the bank from taking or acquiring such lien in good faith. *Van Alen v. Bank*, 52 N. Y. 1; *Nat. Bank v. Ins. Co.*, 104 U. S. 54.

*H. E. Howell* for respondent.

The deposit of trust funds should be made in bank to the credit of the fund. If the trustee deposits them in his own name, and loss occurs, he is liable. 27 Am. and Eng. Encyclopedia, p. 160, note 3; *Phillips*

*v. Lamar*, 27 Ga. 227; *Gilbert v. Welsch*, 75 Ind. 557; *Naltner v. Dolan*, 108 Ind. 500; *Norris v. Hero*, 22 La. Ann. 605; *Jenkins v. Walter*, 8 Gill & J. 218; *School District v. First National Bank*, 102 Mass. 174; *Coffin v. Bramlett*, 42 Miss. 194; Matter of Stafford, 11 Barb. 353; *Utica Ins. Co. v. Lynch*, 11 Paige, 520; *Summers v. Reynolds*, 95 N. C. 404; *Shaw v. Bauman*, 34 Ohio St. 25; *Williams v. Williams*, 55 Wis. 300; *Jacobus v. Jacobus*, 37 N. J. Eq. 21 (see note on p. 18); *Coleman v. Lipscomb*, 18 Mo. App. 444, 448.

BOND, J.—Plaintiff in this case is the executor of Wm. T. Horner, deceased, and as such on March 1, 1893, received from one Little, a draft for $800 and a check for a small interest thereon, said sums being in discharge of an indebtedness from Little to plaintiff's testator. Plaintiff deposited the $800 draft in the Bank of Commerce at Springfield, Missouri, taking therefor the following certificate:

"Bank of Commerce, No. 3783.

"SPRINGFIELD, Mo., March 13, 1893.

"$800.

"W. H. Payne, Jr., has deposited in this bank eight hundred dollars payable in current funds to the order of himself on the return of this certificate properly indorsed, with interest at the rate of 5 or 6 per cent per annum if left 6 or 12 months.

"ED. P. NEWMAN, Cashier.

"Not subject to checks."

At the time of this deposit plaintiff told the cashier that the money belonged to an estate of which he was administrator; that he wanted to draw interest and would need it to make his final settlement, just when he could not say. The cashier replied that the deposit, if left twelve months, would draw six per cent interest; if left six months, five per cent interest; and that it

could be drawn out either at six or twelve months. The bank, when this deposit was made, was solvent and in good repute. On July 1, 1893, plaintiff as executor reported to the probate court that he had $1,400 in his hands not needed for administration, and asked to be allowed to lend it. The court ordered him to do so, taking good and sufficient security. He did not take any steps to make such loan. On the thirteenth of July the Bank of Commerce failed. Plaintiff received dividends of twenty per cent on account of his deposit in said bank. These he accounted for in his final settlement, but he claimed a credit for $662.31, the remainder of said deposit, which the probate court allowed. The widow and heirs of the testator appealed to the circuit court, where the credit in question was disallowed. From a judgment in accordance plaintiff appealed to this court.

It is admitted that plaintiff's final settlement is correct in all respects, except as to the above credit claimed by him by reason of the failure of the bank. It is not claimed, under the facts in this record, that plaintiff was negligent in selecting the Bank of Commerce as a depository of the money of the estate in his hands. It is insisted, however, that it was his duty to preserve the distinctive character of the fund deposited, and that, in failing so to do and taking a certificate of deposit in his individual name, he was guilty of a technical conversion. This proposition is controverted by plaintiff, on the ground that the facts and circumstances in evidence show that the deposit in the bank was the money of the estate and was impressed with a trust in favor of the estate by the remark made at the time by the executor to the cashier of the bank. The remark in question was a mere general statement, that the money was that of an estate of which the depositor was administrator. It did not in any way specify what

particular estate was referred to, nor did the draft contain any indorsement or insignia indicating that it belonged to the estate of Wm. T. Horner, of which the plaintiff is executor. It is evident that this evidence alone was not sufficient to charge the bank with notice that the deposit belonged to the particular estate represented by plaintiff, nor to establish title in such estate in an action against the bank to recover the deposit as a trust fund. The evidence shows that the plaintiff knowingly and intentionally caused the certificate of deposit to be made out in his own name, thereby asserting an individual ownership of the funds represented by it and creating the relation of creditor and debtor between the bank and himself personally. This, notwithstanding the conversation between himself and the cashier, made him liable for a loss occasioned by the failure of the bank. On this subject the rule is thus expressed by a text-writer of high authority (1 Perry on Trusts, sec. 443): "But he (trustee) will be liable for the money in case of a failure of the bank, or its depreciation, if he deposits it *to his own credit* and not to the separate account of the trust estate, even though he had no other funds in the bank and told the officers at the time of deposit that the funds were held by him in trust."

The case of *Atterberry v. McDuffee*, 31 Mo. App. 603, cited by the learned counsel for appellant, is not adverse to this view either upon the point in judgment or the doctrine announced therein. In that case it was distinctly shown that the money deposited by the executor in the bank was that of the estate represented by him; that the bank knew that fact, and that its officers were directed to make out a certificate of deposit *in the name of the executor;* that this direction was disobeyed by the bank without the knowledge of the executor, who put the certificate in his pocket without

giving it immediate examination, and who reported to the probate court that the funds of the estate were deposited in the bank. In speaking of these facts as evidence of prudence and diligence on the part of the executor, Judge PHILLIPS says: "The only answer made to this is that by putting the money in bank to his individual credit he was guilty of an act of conversion; and the money thereafter remained in the bank at his risk. This we might admit would be a correct exposition of the law, did it appear that the executor intentionally so placed the money in bank as his, and the bank took and held it in ignorance of its trust character and the intent, one way or the other, of the party so placing it." *Atterberry v. McDuffee*, 31 Mo. App. *loc cit.* 612. It is apparent, therefore, that the facts in the case at bar distinguish it from the case cited, *supra*, and bring it within the rule conceded to be just in that case.

An executor is a statutory trustee. While the law only holds him in the management of the estate to that measure of diligence and prudence which prudent men of discretion and intelligence in such matters employ in their own affairs, yet it forbids him to take title to himself for the purpose of speculating in its assets. It is no excuse for failure of duty in this regard to say that the loss would have happened all the same, if the executor in the case at bar had caused the certificate of deposit to be made out in his name as such. It was his duty to take the certificate of deposit in his name as executor. If this had been done, no question could have arisen as to the fairness of the transaction nor as to his right to a credit for the unforeseen failure of the bank. On the other hand, had such failure not happened, there is nothing in the evidence in this record showing conclusively that the estate could have suc-

cessfully maintained its title to the funds deposited and their accretions. Trustees are not permitted to put their *cestuis que trust* at such disadvantage.

Our conclusion is that sound policy justifies the finding of the circuit court, that the executor was not entitled to the credit claimed. The judgment will, therefore, be affirmed. All concur.