STATE OF MISSOURI EX REL. ROBERT N. SWAN, APPELLANT, v. SOPER J. TAUL ET AL., RESPONDENTS.—65 S. W. (2d) 1049.

Kansas City Court of Appeals.   November 6, 1933.

*F. W. Armstrong* and *A. R. Alexander* for appellant.

*James S. Simrall, Conn Withers* and *Lawson & Hale* for respondents.

SHAIN, P. J.—This is a case wherein the court below sustained a demurrer offered by defendants to plaintiff's petition and plaintiff refusing to plead further the court gave its order and judgment dismissing the cause.  From this order and judgment, the plaintiff appealed.

Much of the presentation in the briefs filed in this case goes more to the points as to the merits of the case, provided the petition states

a cause of action, than to the issue of demurrer. It follows that if no cause of action be stated in the plaintiff's petition then consideration of much authority cited need not be given.

The petition in the case omitting caption is as follows:

"First Amended Petition

"Plaintiff, the State of Missouri, states that it brings this suit at the relation and to the use of Robert N. Swan, Trustee of the Trust Estate of Mary V. Swan, and for its cause of action states that Robert N. Swan is the duly appointed and acting trustee of the trust estate of Mary V. Swan, which estate grew out of a bequest of George S. Swan, deceased; that as such trustee he is the successor of Robert C. Taul, deceased, who, on the ——— day of June, 1920, was duly appointed by the Circuit Court of Clay County, Missouri, as trustee of said estate; that on the 26th day of November, 1920, the said Robert C. Taul and the defendants Soper J. Taul and J. H. Endicott, as his securities, duly executed under their hands and seals, a bond to the State of Missouri for the faithful performance of the duties of said office, in the penal sum of five thousand ($5,000) dollars, for the payment of which, well and truly to be made, they bound themselves, their heirs, executors and administrators; that said bond was and is subject to a certain condition thereunder written that if the said Robert C. Taul shall faithfully execute said trust according to law under the terms of said trust, then this obligation shall be void, otherwise to remain in full force and effect. (A certified copy of said bond is on file with the original petition and is made a part thereof.)

"Plaintiff further states that said bond was duly approved by said court and said Robert C. Taul entered upon his duties as such trustee and all assets of said trust estate came into his hands to be administered and he continued in his duties as such trustee until his death on December ———, 1930.

"Plaintiff for breach of said bond assigns: That on December 30, 1929, the said trustee, Robert C. Taul, loaned to the Bank of Smithville, Smithville, Missouri, the sum of sixteen hundred dollars ($1600) of the funds of said estate, at four per cent interest per annum, and on said day the said bank issued to said Robert C. Taul, trustee, its time certificate of deposit for the said sum and interest, a copy of which said certificate of deposit is hereto attached, marked Exhibit A, and is made a part hereof; that said loan was so made by said Robert C. Taul, trustee, without requiring said bond to give any security whatever therefor; that the said time certificate of deposit matured on the 30th day of June, 1930, and that the said Robert C. Taul, trustee, did not collect the amount due on said loan from said bank at the time of its maturity, or at any time, and that said time certificate of deposit came into the hands of said Robert N. Swan, trustee, the plaintiff herein, from the estate of Robert C. Taul, as

a part of the assets of said trust estate of Mary V. Swan; that said Robert C. Taul, trustee, without requiring said bond to give any there was due from him to the said Mary V. Swan estate, at that time, on account of said loan, the aforesaid sum of sixteen hundred dollars ($1600) with interest in the sum of thirty-two dollars ($32); that (sixteen days thereafter, namely) on the 13th day of January, 1931, said Bank of Smithville, with all its assets and property passed into the hands of the State Commissioner of Finance for the purpose of liquidation; that said Commissioner of· Finance has paid dividends on said sum of $1632 in the amount of $408, and there is a balance due the estate in the sum of $1224; that by reason of the aforesaid breach of said bond, these defendants, ás sureties of said Robert C. Taul, trustee, have become liable to pay plaintiff (or to the State of Missouri for plaintiff) the said sum of $1224 and the same has not been paid.

"Plaintiff therefore asks judgment against the defendants for the sum of five thousand dollars ($5,000), the penalty of said bond, and that execution issue for the said sum of $1224 with interest and costs.

"F. W. Armstrong,
"A. R. Alexander,
"Attorneys for plaintiff."

It is shown by the petition that this is a suit on the bond of a deceased trustee. We must of course look to the petition for the statement of facts and cannot consider pleading as aided by exhibit attached.

The conditions of the bond as shown in plaintiff's petition is: "That said bond was and is subject to *certain conditions* thereunder written that if the said Robert C. Taul shall faithfully execute said trust according to law *under terms of said trust.*" (Italics ours.) If a cause of action exists under a bond worded as above, the cause of action must be stated in a plain and concise statement of the facts of wherein the principal in the bond failed to faithfully execute some act, provided to be done or not to be done, in accordance with some provision of the trust and the provision of the trust so claimed as to not having been faithfully performed should be set forth in the pleading. In other words, this action is penal in its nature and the pleadings should meet the requirements of Section 2880, Revised Statutes 1929, which requires that the petition assign the specific breach for which the action is brought. [Insurance Co. v. Brown, 80 Mo. App. 549-63.]

The petition leaves to conjecture as to what were the conditions of the trust. It is plead that the trust estate grew out of the bequest of George S. Swan, deceased. A trust so created, as a general rule, has therein stated a definite purpose and gives directions to the trustee looking to the accomplishment of that purpose. The petition leaves

us in the dark as to these matters and such a condition as we are in a position to give to the pleading, must of necessity, be from the standpoint of a statutory trust wherein the trustee is but required to use such diligence as a prudent man of intelligence and discretion would use in his own business. The rule as to pleadings therefore is on practically the same line as that of pleading negligence.

In the pleading before us the pleader nowhere pleads that the defendant's principal did any wrongful or negligent act but merely says: "Plaintiff for breach of said bond assigns." Then there follows a statement of specific acts of the deposit of the money by time certificate drawing four per cent on December 30, 1929, without security from the bank, failure to surrender the certificate at the end of the time when expressed as due or at any time up to trustee's death on December 27, 1930, that said certificate was found among the effects of the deceased trustee and that the bank wherein the money was placed failed sixteen days after the death of the trustee.

It appears from the pleading that the time deposit certificate was duly made out to the deceased as trustee and, in absence of showing in the petition to the contrary, we must presume that the certificate of time deposit clearly disclosed the name of the estate in trust.

As there are no allegations of negligence on the part of the defendants' principal, there is no statement of fact that places any liability based upon the principals' knowledge or opportunity of knowledge concerning the condition of the bank. It therefore follows that for us to hold plaintiff's petition as stating a cause of action against the defendants on the bond, we must do so by declaring the acts of the principal as above set out as breach thereof, as wrongful per se.

In re Estate of Horner, 66 Mo. App. 531, is found a case where an executor was sued in an action seeking to recover for loss to the estate by reason of a time deposit in a bank that had failed. In the above case the opinion states: "An executor is a statutory trustee."

In the Horner case the executor had taken the time deposit in his own name. He had told the bank it was estate money but had not informed the bank as to what particular estate. The judgment in that case was against the executor and was based upon the ground that the certificate was taken in his own name. The court in the opinion l. c. 536 says: "It was his duty to take the certificate of deposit in his own name as executor. *If this had been done,* no question would have arisen as to the fairness of the transaction nor to his rights to a *credit* for the unforeseen failure of the bank." (Italics ours.)

We find no decisions wherein it is declared wrongful *per se* for a statutory trustee to deposit money by time deposit in a bank. The mere statement of the fact that the trustee left the money in the

bank as he did, we conclude does not state a fact that is wrongful *per se* and in absence of any allegation of knowledge on the part of the principal or opportunity of knowledge as to the bank's condition, we conclude that the petition does not state a cause of action against his bondsmen, the defendants herein. As to the conduct of the trustee in leaving the money in the bank after the end of the six months, it is not within our province to conclude that such action was either wrongful or negligent *per se,* the mere assignment of such action of the trustee as a breach of trust without allegation of some act of negligence cannot be construed as stating a cause of action against the bondsmen of the trustee under the conditions stated in plaintiff's petition.

The order and judgment of the circuit court is affirmed. All concur.