J. D. CLARK v. CROWN DRUG COMPANY, a Corporation, and CROWN DRUG STORES, INC., a Corporation, Appellants.—152 S. W. (2d) 145.

Division One, June 12, 1941.

*Schwimmer, Keating, Bredehoft & Burris* and *A. P. Stone, Jr.,* for appellants.

*Harold Randall* and *A. B. Lovan* for respondent.

DOUGLAS, J.—Plaintiff, a tavern keeper, acting for him-self and others brings this suit for an injunction to restrain the defendant drug store from taking orders over the telephone for intoxicating liquor and then delivering the liquor so ordered by messenger and collecting the purchase price on delivery. Plaintiff claims that such sales are prohibited by our liquor control act and therefore constitute illegal competition with his lawful business to his damage.

The act includes this provision: "No person, agent or employee of any person in any capacity shall sell intoxicating liquor in any other place than that designated in the license, or at any other time or otherwise than is authorized by this act and the regulations herein provided for." [Sec. 4881, R. S. 1939; Mo. Stat. Ann., sec. 4525 g— 5, p. 4689.]

The plaintiff is licensed to sell liquor by the drink and by the package at his tavern at 437 South Campbell Street in Springfield. Defendant who operates a drug store at the corner of St. Louis and Jefferson Streets in Springfield is licensed to sell liquor in the original package.

After a hearing in the Circuit Court at Greene County a decree was granted enjoining defendant from making such sales. This decree was affirmed by the Springfield Court of Appeals by a divided court but upon the motion of the dissident judge the case was certified to this court on the ground the principal opinion was in conflict with the rulings of this court. [See Clark v. Crown Drug Co., 146 S. W. (2d) 98.] In this situation we rehear and determine the case as if it were here by ordinary appellate process. [Am. 1884, Art. VI, Sec. 6, Mo. Constitution.]

The basis of plaintiff's complaint is the illegal competition by defendant arising from its failure to obey the law. He asks the court to enjoin defendant from acts which he claims are crimes. We must first determine whether a court of equity has jurisdiction to grant such relief under the facts of this case. No question of public nuisance is raised or involved.

Ordinarily a court of equity has no authority to enjoin the commission of a crime. [State ex rel. Crow v. Canty, 207 Mo. 439, 105 S. W. 1078.] But in cases of injury to property or rights of a pecuniary nature or in cases involving a public nuisance, this rule does not prevent a court of equity from exercising its jurisdiction. We have declared the rule as follows: ''The power of equity to enjoin the doing of acts threatening irreparable injury to property rights or which would constitute a public nuisance is inherent and has been exercised, both in England and America, by courts of chancery since their evolution as a distinct tribunal, nor can this power be devested because the performance of such acts may be a violation of the criminal law. On the other hand, a court of equity is powerless to enjoin the commission of any crime not violative of property rights nor involving the creation of a public nuisance, for the reason that it has no jurisdiction to enforce the criminal law nor to prevent the performance of any act of a criminal nature which does not necessarily prejudice private or public rights subject to its jurisdiction and control.'' [State ex rel. C., B. & Q. Ry. Co. v. Woolfolk, 269 Mo. 389, 190 S. W. 877.]

We will assume, only for the sake of argument but not decide, that the telephone sales violated the law and hence were criminal. Such being the case the jurisdiction of the trial court as a court of equity must arise from the fact that plaintiff's property rights have been damaged. But the evidence fails to show any damage whatsoever has been in fact suffered by plaintiff because of defendant's telephone sales. The record is devoid of proof as to any loss of patronage or profit by plaintiff as a result of such sales. It must be borne in mind that the parties are continuingly engaged in lawful competition as to over-the-counter package sales. Should defendant, without any license, make sales by the drink as plaintiff and other tavern proprietors only are permitted to do, then perhaps we might find that the

tavern proprietors suffered damage from the proof alone of the unlawful sales although the decisions on this point are divided. [See Annotations 92 A. L. R. 173 and 81 A. L. R. 292.] But in the situation as we find it we cannot presume that plaintiff was damaged on the mere showing that defendant made some of its sales by telephone. Since plaintiff has failed to show that his rights have been damaged in any way he has no standing in a court of equity merely to enjoin the commission of a crime. A court of equity has no such authority where no civil or property rights are concerned. To proceed under such circumstances would be to usurp the functions of a criminal court without following the appropriate rules incidental to criminal procedure.`

█ There is no similarity between this action and one brought by a taxpayer on account of himself and other taxpayers to restrain illegal acts such as the improper payment of public funds. In such cases it is not the damage suffered by each taxpayer or by all·taxpayers as a class that opens the door to equity for relief, but it is the public interests which are involved in preventing the unlawful expenditure of money raised or to be raised by taxation. A single taxpayer alone may bring such a suit in order to determine the public interest. [Civic League of St. Louis v. City of St. Louis (Mo.), 223 S. W. 891. And see Hawkins v. City of St. Joseph (Mo.), 281 S. W. 420.]

█ There is another class of cases where the invasion or threatened invasion of a franchise without legal sanction is a sufficient ground for injunctive relief. And this is so although the owner of the franchise may not be entitled to any protection as against the granting of a similar franchise to another. [Pomeroy Equity (1919), sec. 2016.] In Frost v. Corporation Comm., 278 U. S. 515, the United States Supreme Court held that a franchise to carry on a public service constitutes a′ property right and is an exclusive right as against an attempt by another to invade the field without first obtaining a valid permit. ''The injury threatened by such an invasion is the impairment of the owner's business, for which there is no adequate remedy at law.'' This rule, however, does not justify injunctive relief against an unlicensed or unlawful competitor in a calling not clothed with a public interest or charged with a public use. [New State Ice Company v. Liebmann, 285 U. S. 262.] And surely it has never been said that the business of selling liquor is conducted for the service and interest of the public. To the contrary, its sale has been strictly regulated and even abolished under the police power. A license to sell liquor is not a contract or franchise in any such sense as to come under the protection of the constitutional guaranties. No one has a natural or primary right to sell liquor. [State v. Parker Distilling Co., 236 Mo. 219, 139 S. W. 453; █ State ex rel. Carman v. Ross, 177 Mo. App. 223, 162 S. W. 702; 33 C. J., sec. 91.]

Under the facts of this case plaintiff has proved no right to equitable relief and no injunction should have been granted. The decree is reversed. All concur.