**Earl J. SMITH, Plaintiff-Appellant,**

v.

**Orville TAYLOR and Myrtle Welsh, Defendants-Respondents (two cases).**

**Nos. 7378 and 7421.**

Springfield Court of Appeals.

Missouri.

April 5, 1956.

J. Grant Frye, Cape Girardeau, for appellant.

Blanton & Blanton, Sikeston, for respondent Myrtle Welsh.

McDOWELL, Presiding Judge.

This action was instituted in the circuit court of Scott County, Missouri, against defendants, undertakers, doing business in Sikeston, seeking to enjoin defendants from illegally carrying on an insurance business and for $800 damages. Separate

motions to dismiss plaintiff's petition were filed by defendants and sustained. Plaintiff appealed.

The amended petition alleged that plaintiff is engaged in the undertaking business in Oran, Scott County, Missouri; that defendants are separately engaged in the undertaking business in Sikeston. Defendant Taylor operates under the business name of "Taylor Funeral Home" and defendant Welsh under the firm name of "Welsh Funeral Home."

It is alleged that each of the defendants carry on an insurance business in violation of Sections 375.010, 375.310, 375.400 and 375.410, V.A.M.S.; that they solicit subscribers and issue to them burial certificates in which defendants agree in writing to furnish certain funeral services, named, to the subscribers in consideration of monthly premiums of $1. It sets out forms of the certificates issued by each defendant, and makes such forms a part of the petition.

It pleads that three persons holding certificates with Taylor Funeral Home, to-wit, Hedwig Victoria Scherer, Andrew Roberts and Annie R. Roberts, and one person, Crescentia Essner, holding a certificate issued by Welsh Funeral Home, died and that their kinsmen employed plaintiff to conduct the funerals and furnish the services provided for in the certificates of insurance held with defendants and that plaintiff did furnish such funeral services of the value of more than $200 each; that each of these certificate holders assigned their monetary interest in said insurance certificates to plaintiff in their lifetime; that plaintiff made demand of defendants for the payment of $200 as provided for in the certificates and defendants refused to pay.

It alleges that the acts of defendants in carrying on such insurance business are illegal and injurious to plaintiff's business; that plaintiff cannot compete with defendants so long as they illegally operate their business and that plaintiff has no adequate remedy at law.

It pleads that plaintiff has orally and in writing on numerous occasions requested the prosecuting attorney of Scott County, Missouri, to enjoin defendants from carrying on such illegal insurance business and from doing the acts ascribed to them.

The prayer is for injunction, enjoining defendants from illegally carrying on the alleged insurance business and for $800 damages.

Each of defendants filed separate motions to dismiss plaintiff's petition. Defendant Welsh based her motion to dismiss on three grounds: 1. a misjoinder of causes of action; 2. a misjoinder of defendants; 3. failure to state a cause of action.

Defendant Taylor based his motion to dismiss on: 1. failure to state a cause of action; 2. petition is too indefinite; 3. misjoinder of parties defendant.

The motions to dismiss filed by each defendant were heard by the court June 1, 1954, and taken under advisement. The court granted plaintiff ten days to amend his petition and took the balance of issues raised in motions under advisement until the next Law Day, July 15, 1954.

August 5th, during absence of defendant Welsh and her attorney, plaintiff filed an amended petition and at that time asked leave of court to dismiss his cause of action as to defendant Welsh, without prejudice, which request was granted.

Plaintiff refusing to plead further, the court dismissed his action against defendant Taylor on the ground that the petition failed to state a cause of action.

On August 18th defendant Welsh filed a motion to modify the order permitting plaintiff to dismiss as to defendant on August 5th, without prejudice, and asked the court to set aside the order on its own motion because the order was made without notice to defendant or her attorney and because defendant would be injured by such order which would allow plaintiff to again bring suit against defendant on the same grounds. On this date the court on its

own motion set aside the judgment of dismissal and sustained defendant's motion to dismiss on the ground that the petition failed to state a cause of action. From this judgment plaintiff appealed.

Both appeals are pending in this court, being cases No. 7378 and 7421. They arise out of the same cause of action, involve the same issues and evidence and are ordered consolidated for opinion.

We will refer to appellant as plaintiff and to respondents as defendants, the position they occupied in the lower court.

There is no denial that the defendants were separately operating an insurance business in violation of the insurance law of this state and we hold it unnecessary to comment on the authority cited under plaintiff's points I and II of his brief.

Likewise, there is no dispute that the acts of defendants in writing insurance as alleged in the petition constitute a crime under the laws of this state. The crux of the case is in the contention under point III of plaintiff's brief, which is stated "and the petition thereby stated a cause of action for injunctive relief."

With this contention we do not agree. The facts pleaded are: That the defendants are conducting an insurance business in which they solicit subscribers and issue to them written certificates of insurance whereby for a monthly premium of $1 defendants agree to furnish the holder of such certificates a funeral and burial service as provided in the certificate provided the holder thereof is in good standing and has paid his premiums at time of death; that while living three persons who had subscribed for insurance with the Taylor Funeral Home and had been issued written certificates by said defendant, entitling them to burial services in the value of $200 each, had assigned such certificates to plaintiff; that these persons died and their kinsmen employed plaintiff to conduct the funeral and furnish funeral services, which defendant Taylor was required to furnish of more than the value of $200; and that one person holding a certificate of insurance with defendant Welsh had assigned such certificate to plaintiff during her life; that her kinsmen had employed plaintiff to conduct the funeral and furnish such services as defendant Welsh was required to furnish of more than $200; that plaintiff had made demand upon these defendants' for the payment of $800, the amount of services furnished these deceased certificate holders had with defendants, and that defendants had refused to pay plaintiff for such services.

Then the petition makes this allegation: "The acts of defendants are illegal and are injurious to plaintiff's business. Plaintiff cannot compete with defendants so long as they illegally operate as aforesaid. He has no remedy at law."

First, we desire to point out that plaintiff seeks to collect from defendants $800, being the value of the services defendants had contracted to furnish four deceased persons, named in plaintiff's petition, by virtue of an assignment of these policies of insurance. It would seem that plaintiff in one breath pleads an action at law to recover on alleged assignment of insurance policies and then pleads that he has no remedy at law. The law governing plaintiff's rights to injunctive relief is declared in State ex rel. Chicago, B. & Q. R. Co. v. Woolfolk, 269 Mo. 389, 190 S.W. 877, 878, as follows:

"The power of equity to enjoin the doing of acts threatening irreparable injury to property rights or which would constitute a public nuisance is inherent and has been exercised, both in England and America, by courts of chancery since their evolution as a distinct tribunal, nor can this power be devested because the performance of such acts may be a violation of the criminal law. On the other hand, a court of equity is powerless to enjoin the commission of any crime not violative of property rights nor involving the creation of a public nuisance, for the reason that it has no jurisdiction to enforce the criminal law nor to prevent the performance of any act of a criminal nature which does not necessarily prejudice private or public

rights subject to its jurisdiction and control." (Citing much authority.)

In Clark v. Crown Drug Co., 348 Mo. 91, 152 S.W.2d 145, 146, the law is stated:

"The basis of plaintiff's complaint is the illegal competition by defendant arising from its failure to obey the law. He asks the court to enjoin defendant from acts which he claims are crimes. We must first determine whether a court of equity has jurisdiction to grant such relief under the facts of this case. No question of public nuisance is raised or involved.

"Ordinarily a court of equity has no authority to enjoin the commission of a crime. State ex rel. Crow v. Canty, 207 Mo. 439, 105 S.W. 1078, 15 L.R.A.,N.S., 747, 123 Am.St.Rep. 393, 13 Ann.Cas. 787."

On page 147 of 152 S.W.2d, the court quotes from State ex rel. Chicago, B. & Q. R. Co. v. Woolfolk, supra, the rule we have set out in said case as the law and declares that the jurisdiction of a trial court, as a court of equity, must arise from the fact that plaintiff's property rights had been damaged. In discussing this matter the court makes the following statement of law:

"* * * 'The injury threatened by such an invasion is the impairment of the owner's business, for which there is no adequate remedy at law.' This rule, however, does not justify injunctive relief against an unlicensed or unlawful competitor in a calling not clothed with a public interest or charged with a public use. * * *"

In 43 C.J.S., Injunctions, § 138, p. 683, the law is stated:

"Acts committed without just cause which interfere with the carrying on of the plaintiff's business and destroy his custom, credit, or profits, to his irreparable injury, may be enjoined if there is no adequate remedy at law.

"Since the right to carry on a lawful business without obstruction is a property right, acts committed without just cause or excuse, which interfere with the carrying on of complainant's business and destroy his custom, his credit, or his profits, do an irreparable injury and authorize the issuance of an injunction, even though some of the acts considered in themselves may be lawful. The jurisdiction of the court rests on the ground of injury to property rights, * * *.

"The fact that an injury to business has been done will not alone warrant the granting of injunctive relief. Relief will be denied where plaintiff is threatened with no irreparable injury, * * *."

In National Pigments & Chemical Co. v. Wright, Mo.App., 118 S.W.2d 20, 22, this law is stated:

"Appellants contend that 'a party who seeks injunctive relief on the ground of irreparable damage, and no adequate remedy at law, must plead the traversable facts of the irreparable injury and the inadequacy of the legal remedy and not mere conclusions.' Appellants have thus correctly stated a principle of law and have cited cases which support said principle; * *."

Under Section 509.050 RSMo 1949, V.A. M.S. (New Civil Code) it is provided:

"A pleading which sets forth a claim for relief, * * * shall contain a short and plain statement of the facts showing that the pleader is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled. * *"

In determining whether a petition states a claim we consider only the well pleaded facts of the petition. State ex rel. Swan v. Taul, 228 Mo.App. 204, 65 S.W.2d 1049, 1051; State ex rel. Uthoff v. Russell, Mo.App., 210 S.W.2d 1017; State ex rel. and to Use of Northside Church of God v. Church of God, Mo.App., 247 S.W.2d 542, 545.

The basis of plaintiff's complaint in the instant case is the illegal competition by defendants arising from their failure to obey the law in carrying on a burial insurance business. To justify injunctive relief plaintiff must plead facts or acts

done by defendants threatening irreparable injury to his property rights. There is no issue in this case of a public nuisance. The allegations of the petition are merely conclusions of law on the part of the pleader. He pleads no facts from which a court of equity could find that his property rights have been irreparably injured and for that reason we hold that the petition fails to state a cause of action for injunctive relief.

There is one other matter involved in the petition under point IV of plaintiff's brief. He states that the petition alleges a cause of action for a money judgment on assigned mature claim as distinguished from assignment of the policy of insurance itself.

First, the petition pleads that these claims were assigned by the holders of the certificates of insurance while living. Therefore, the claims were not matured. There is no allegation of facts that after the assignment of these claims the assignors continued to comply with the terms of the policy or had paid the premium therefor and were in good standing at the time of death.

 A policy of insurance may generally be assigned without the consent of the insured where the contract is not personal and the assignment is not expressly forbidden. The insurance contracts assigned in the instant case were personal contracts. They were not contracts for the payment of money but were contracts for funeral services. These agreements were in no wise assignable and plaintiff could not recover a money judgment on such assignment against defendants or either of them. Rendelman v. Levitt, Mo. App., 24 S.W.2d 211.

We find the trial court was not in error in dismissing plaintiff's petition for failure to state a cause of action against Orville Taylor, in case No. 7378, and the judgment in this cause is affirmed.

In appeal case No. 7421, which is an appeal from a judgment in favor of defendant Myrtle Welsh, dismissing plaintiff's petition because it failed to state a cause of action, two issues are presented for decision.

First, did the trial court err in holding that plaintiff's petition failed to state a cause of action as to defendant Myrtle Welsh? In passing upon this issue in consolidated case No. 7378 we held that the petition failed to state a cause of action against defendant Orville Taylor, who was sued jointly with defendant Welsh. We think it is unnecessary to discuss this matter further. The petition clearly fails to state a cause of action.

The second issue presented in this appeal is whether the trial court erred in refusing plaintiff the right to dismiss his cause of action as to defendant Welsh without prejudice.

On June 1, 1954, separate motions were filed by each of joint defendants to dismiss plaintiff's cause of action. Among the grounds assigned for such dismissal, each motion contained a complaint that the petition failed to state a cause of action. These motions were heard by the court June 1, 1954, and taken under advisement until the next Law Day, but, at that time, plaintiff was granted permission to file an amended petition.

On August 5, 1954, plaintiff filed an amended petition pursuant to the order of the court made June 1st, and, at that time, requested the court for permission to dismiss without prejudice to his cause of action against defendant Welsh. By order of the court the cause was dismissed without prejudice.

On August 18, 1954, defendant Welsh filed her motion to modify the court's order of August 5, 1954, permitting plaintiff to dismiss as to her without prejudice and asked the court to set aside this order on his own motion. In this motion defendant stated that neither she nor her attorney was notified that a request to dismiss was being presented to the court and that the court's order was made without any notice to defendant. The court sustained this motion and set aside the order of dismissal.

January 13, 1955, the cause was again taken up by the court, both plaintiff and the defendants with their attorneys being present. Plaintiff asked permission of the court to dismiss his cause of action as to defendant Welsh without prejudice, which request was denied, and judgment was entered sustaining defendant's motion to dismiss because the petition failed to state a cause of action. From this order plaintiff appealed.

Section 510.130 RSMo 1949, V.A.M.S., provides:

"A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward."

In the instant case the record shows that the request to dismiss was made by plaintiff before the same was finally submitted to the jury or to the court sitting as a jury.

It is defendant's contention that plaintiff did not have an absolute right to dismiss his cause of action under section 510.130 of the Code because such dismissal would injure defendant Welsh by requiring her later to defend a separate and additional lawsuit; that the court acted within its discretion and within its authority in setting aside the dismissal and in refusing to permit plaintiff to dismiss without prejudice.

■ We think the law is well settled that the right to dismiss a cause of action without prejudice under section 510.130, V.A.M.S., is not an absolute right. Under the law before the Code a plaintiff could dismiss his cause of action in vacation by paying the costs and such voluntary dismissal would not bar him from refiling his case, but that is not the law under the new Code. State ex rel. Grace v. Connor, Mo. App., 219 S.W.2d 867; State ex rel. Big Bend Quarry Co. v. Wurdeman, 309 Mo. 341, 274 S.W. 380.

On page 382 of 274 S.W., of the latter opinion the law is stated:

"This section negatives the idea that a plaintiff may on his own motion dismiss a suit at any time and under all circumstances, because it fixes a period in which a plaintiff 'shall be allowed' to take a nonsuit. That implies that such final disposition of the case must be by order of the court permitting such dismissal; otherwise the word 'allowed' would not be used. * * *"

It was held by our Supreme Court that a court order is necessary for a dismissal so that persons affected may have an opportunity to object. See Krisman v. Unemployment Compensation Commission, 351 Mo. 18, 171 S.W.2d 575, 577; Nordquist v. Armourdale State Bank, 225 Mo. App. 186, 19 S.W.2d 553; Pioneer Cooperage Co. v. Bland, 228 Mo.App. 994, 75 S.W.2d 431; State ex rel. Gehrs v. Public Service Comm. of Missouri, 232 Mo.App. 1018, 114 S.W.2d 161.

■ We agree with defendant that plaintiff did not have an absolute right under the Code to take a voluntary dismissal without prejudice, yet, the right to dismiss has been a well established right throughout all of our procedure. The evidence must show defendant would be injured. We think the mere fact that plaintiff would bring another action against defendant is not such an injury as would justify the court in denying plaintiff's request to take a voluntary dismissal. Defendant must show that some undue advantage would be given plaintiff by such dismissal or that under the circumstances defendant would lose some right of defense before the injury would justify the trial court's action.

We hold the trial court erred in refusing the motion to dismiss. Cause is reversed in appeal No. 7421 and judgment ordered entered in favor of plaintiff dismissing his cause of action.

STONE and RUARK, JJ., concur.