**MISSOURI CITIES WATER COMPANY, a Missouri corporation, Plaintiff-Appellant,**

v.

**CITY OF ST. PETERS, Missouri, a municipal corporation, Defendant-Respondent.**

**No. 35203.**

Missouri Court of Appeals, St. Louis District, Division 1.

March 5, 1974.

Motion for Rehearing or Transfer Denied April 8, 1974.

Application to Transfer Denied May 13, 1974.

Edwards, Seigfreid, Runge & Hodge, Inc., Mexico, for plaintiff-appellant.

Niedner, Moerschel, Nack & Ahlheim, Rollin J. Moerschel, St. Charles, for defendant-respondent.

DOWD, Chief Judge.

Plaintiff brought this action to enjoin defendant from extending its water and sewer lines beyond the city limits and thus competing with plaintiff's business. The trial court sustained defendant's motion to dismiss and plaintiff appealed.

The plaintiff's petition contains, in part, the following allegations:

1. The defendant is a municipal corporation.

2. The plaintiff is a Missouri corporation and is the holder of a Certificate of Convenience and Necessity which authorizes it to provide water and sewer services to the inhabitants of St. Charles County, Missouri.

3. Pursuant to that authority plaintiff is presently operating water and sewer systems in St. Charles County in an area adjacent to and surrounding the defendant City and is providing water and sewer utility services to the residents of this area.

\* \* \* \* \* \*

6. The defendant is engaged in the private water and sewer utility business beyond its limits and legal boundaries in the area in which plaintiff has a Certificate of Convenience and Necessity to provide such services and in which area the plaintiff is ready, willing and able to serve the inhabitants with such services and in many instances is presently providing such services to these inhabitants.

7. The defendant has obtained Federal and State grants to provide a major part of the funds used and which will be used in the future to construct water and sewer systems beyond its city limits in direct competition with the business now being conducted by plaintiff.

8. The defendant has no authority under the laws of the State of Missouri to extend its water and sewer systems beyond its limits and to do so constitutes an improper and illegal act and is in direct competition with private business.

\* \* \* \* \* \*

10. The provisions of Section 250.190 V.A.M.S. are unconstitutional because this statute places no limitation upon the ability of a city, town or village to engage in private business beyond its limits and far exceeds the reasonable needs of the public in protection of its health and welfare.

11. The actions of the defendant are not for the purpose of protecting the public health and welfare or preventing or abating pollution of water and creating means of supplying wholesome water as is required by Section 250.240 V.A.M.S. but is for the purpose of engaging in a private business for profit.

These allegations were followed by plaintiff's prayer for an injunction against the defendant's extending its water and sewer system beyond its limits and from operating a water and sewer system beyond its limits in competition with the existing system of plaintiff.

Defendant's motion to dismiss contained three asserted grounds for dismissal, the first of which was later withdrawn by the defendant. The other two are as follows:

"2. In the allegations contained in the plaintiff's petition, the plaintiff has failed to state a cause of action against the defendant.

"3. Nothing contained in the petition alleges that the plaintiff is a tax-paying citizen of the City of St. Peters, Mo. and for said reason and such other reasons the plaintiff is not the qualified party to bring this action."

The court denied defendant's motion to dismiss on defendant's allegation of failure to state a cause of action but sustained the motion on the allegation of lack of standing.

The issue here is whether plaintiff has standing to bring this action against defendant. Defendant asserts that the plaintiff must be a taxpayer of the defendant municipality in order to bring this action against defendant. This is not, however, the law. The Supreme Court was faced with a question of standing in Frost v. Corporation Commission of State of Oklahoma, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed.

483 (1929). That case involved an action by the owner of a cotton gin, which is a public utility in Oklahoma, to enjoin the Commission from issuing a permit to the Durant Company and to enjoin the Durant Company from establishing a cotton gin. The Court held:

"Specifically, the foregoing authorities establish that the right to supply gas or water * * * are franchises. * * *

"Appellant, having complied with all the provisions of the statute, acquired a right to operate a gin in the City of Durant by a valid grant from the state acting through the corporation commission. While the right thus acquired does not preclude the state from making similar valid grants to others, it is, nevertheless, exclusive against any person attempting to operate a gin without obtaining a permit or, what amounts to the same thing, against one who attempts to do so under a void permit, in either of which events the owner may resort to a court of equity to restrain the illegal operation upon the ground that such operation is an injurious invasion of his property rights. (Citations omitted) The injury threatened by such an invasion is the impairment of the owner's business, for which there is no adequate remedy at law.

"If the proviso dispensing with a showing of public necessity on the part of the Durant and similar companies is invalid as claimed, the foregoing principles afford a sufficient basis for the maintenance of the present suit * * *." 278 U.S. at 520, 49 S.Ct. at 237.[1]

The Supreme Court of Missouri has specifically distinguished the class of cases brought by the owner of a franchise to enjoin the threatened illegal invasion of that franchise from those cases brought by a taxpayer to restrain illegal acts such as improper use of public funds. Clark v.

---

[1]. See also Association of Data Processing Service Organization v. Camp, 397 U.S. 150, 90 S. Ct. 327, 25 L.Ed.2d 134 (1970).

Crown Drug Company, 348 Mo. 91, 152 S. W.2d 145 (1941). Under the principles set out in *Frost* and *Clark,* we believe plaintiff has standing to maintain this action.

Further support for finding that plaintiff has standing to bring this action is found in Arkansas-Missouri Power Corporation v. City of Kennett, Mo., 113 F.2d 595, at page 596 (8th Cir. 1940) where the Court states:

"The rule has frequently been announced that a utility operating with authority within a municipality may obtain injunctive relief from unlawful competition and consequent injury to its business."

While the case at hand involves the novel question of a municipality's allegedly illegal extension of utility service beyond its boundaries, we find no reason to distinguish this case from those involving the illegal competition of a municipality with a public service company operating within its boundaries. The general rule concerning such cases is that the public service company's remedy against competition by the municipality is by injunction and the company may challenge acts of the municipality which will directly affect its rights and interests. See McQuillan, The Law of Municipal Corporations, Volume 12, Sections 34.191 and 35.15 (3rd Ed. 1970) and the cases there cited.

It is apparent that extrapolation of these general principles results in a finding that a public service company may sue to enjoin illegal competition within the area in which it is authorized by the Missouri Public Service Commission to provide service including the illegal competition from a municipally owned and operated utility.

We hold that under the allegations of plaintiff's petition, which we must take as true for purposes of defendant's motion to dismiss that plaintiff had standing to bring an action to enjoin the alleged "illegal" competition by the defendant. And when the allegations and all reasonable inferences of the petition are taken as true, a question arises as to whether the defendant is acting within the legislative intent and purpose of the statutes governing its authority to extend utility service beyond its boundaries. We believe that the petition, therefore, states a claim upon which relief may be granted.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

SIMEONE and KELLY, JJ., concur.

