JOHN M. GIVENS et al., Respondents, v. JOHN W. McILROY, Appellant.

St. Louis Court of Appeals, April 18, 1899.

County Court's Authority to Establish a Toll Road: INJUNC-
TION. In the case at bar the road is a public road established as a toll road by competent authority; its maintenance as a toll road is a matter of public concern, and if there has been an abuse of the power delegated to the county court by the legislature to so establish it, the correction or restraint of that abuse by legal proceedings is lodged in the public. Held, that a private citizen can not maintain an action for the correcting of the public wrong unless he specifically alleges and proves that the public wrong has done or is about to do him a private injury, in addition to, and over and above the one suffered by him in common with the public.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED.

BALL & SPARROW for respondents.

There can be no question as to the right of plaintiffs to maintain this action. In Cummings v. St. Louis, 90 Mo. 259, which was a suit to enjoin the city from opening a street, the

court held that plaintiff could maintain the action although his property was three blocks from the proposed street. As also upholding the doctrine that plaintiffs may maintain the action we cite the following: Rutherford v. Tylor, 38 Mo. 316; Price v. Thompson, 48 Mo. 361; High on Injunction [2 Ed.], sec. 1553; Sheedy v. Press Brick Works, 25 Mo. App. 527 at 529. To prevent the collection of an illegal tax, suit may be brought by any taxpayer for himself and all others similarly situated. Dennison v. City of Kansas, 95 Mo. 416 at 429; Rumsey v. Baden, 67 Mo. 476; Neumeyer v. Railroad, 52 Mo. 81. Injunction lies on suit of a taxpayer to restrain an illegal diversion of public funds which municipal officers in charge of funds are about to make. Black v. Ross, 37 Mo. App. 250. Chancery has jurisdiction to enjoin public officers who are proceeding illegally and improperly under a claim of right to the injury of individual interests, or when it is necessary to prevent a multiplicity of suits, and the authorities above cited justify the present proceeding and authorize the injunctive powers of the court to be invoked. County courts are the creatures of the statutes, with no powers except those granted, defined and limited by law. They must therefore pursue their authority strictly and act within the scope of their powers. The attention of this court is therefore called to article 5, chapter 140, of Revised Statutes of Missouri 1889, and especially to section 7904, of said article as containing all the authority given the county courts concerning gravel roads. It will be observed that it nowhere gives the county court authority to assume control and operate gravel roads constructed with corporate money, even though the road, by the expiration of its charter, has reverted to the public.

J. D. Hostetter for appellant.

Plaintiffs are not entitled to maintain this action. Only one suffering a special injury or special damages can main-

tain a suit for injunctive relief even against a public nuisance. His injury or damage must be special over that sustained by the general public and his damages must be actual and his injury material. Glaessner v. Brewing Ass'n, 100 Mo. 508; Gates v. Railway, 111 Mo. 28; Schopp v. St. Louis, 117 Mo. 131; Kinally v. Railway, 69 Mo. 658. Equity will not restrain the enforcement of an illegal and void assessment of taxes against personal property only even where several join in a bill asking it. Dillon on Mun. Corp. [3 Ed.], sec. 924; Lockwood v. St. Louis, 24 Mo. 20; Leslie v. St. Louis, 47 Mo. 474; Cummings v. St. Louis, 90 Mo. 259. An excess of corporate power can only be inquired into in a proceeding between the state and corporation or tribunal attempting to exercise such power and not by a private individual. Kinally v. Railway, 69 Mo. 658; Chambers v. St. Louis, 29 Mo. 543; Martindale v. Railroad, 60 Mo. loc. cit. 510. State is proper party to restrain the illegal levy and collection of an illegal tax. State v. Saline Co., 51 Mo. loc. cit. 369; Steiner v. Franklin Co., 48 Mo. 176. Although a taxpayer may also maintain such action as he is specially injured by such unlawful levy on his private property. Courts are reluctant to interfere by injunction with the acts of municipal officers and will not do so where there is nothing more than a mere irregularity in proceeding establishing or opening roads or streets, and a mere general interest in the matter as a member of the community will not entitle a party to an injunction to prevent the exercise of municipal powers. Elliott on Roads and Streets, 296. The plaintiffs did not even allege or prove that they were landowners or that their land abutted on the road in controversy or that they used said road or that they were compelled to pay toll on said road or that there was any threatened purpose on the part of the defendant to interfere with any of their property rights. As is supported by authorities cited above unless the defendants were

attempting to interfere with plaintiffs' right by an enforcement of an alleged illegal collection of tolls against their real estate, then even if this be regarded as a tax the plaintiffs have no standing in a court of equity. An allegation that they were threatening to seize their personal property to enforce the collection of the alleged illegal tolls would under the authorities give them no standing in a court of equity. Dillon on Mun. Corp. [3 Ed.], sec. 824; Lockwood v. St. Louis, 24 Mo. 20; Leslie v. St. Louis, 47 Mo. 474.

BLAND, P. J.—The petition is as follows:
"John M. Givens and William M. Waters, Plaintiffs,
vs.
"John W. McIlroy, Eugene W. Stark, J. R. S. McCune and Andrew J. Forgey, Defendants.
"To the Honorable Reuben F. Roy, Judge of the Tenth Judicial District of Missouri:
"The plaintiffs respectfully represent and show to the court that they are taxpaying citizens of Calumet township, Pike county, Missouri. That the first three named defendants are the judges of the county court of Pike county, Missouri. That the fourth and last named defendant Andrew J. Forgey is a citizen of said township, county and state, and who has assumed the functions and duties hereinafter mentioned and set forth.
"Plaintiff further states that the gravel road leading from Clarksville to Sledd and from Turpin to Eolia, all of said points being in Pike county, Missouri, was constructed, built, paid for and maintained by the Clarksville, Prairieville and Paynesville Gravel Road Company, a corporation duly incorporated under the laws of the state of Missouri of 1855 and 1861 and that afterwards, to wit, on the 24th day of March, 1870, the name of said corporation was changed to that of the Clarksville Road Company. That said road

so built and maintained as aforesaid by said corporation has
been used, operated, managed and controlled and tolls col-
lected thereon up to the 10th day of November, 1898, by
said corporation.

"Plaintiffs further represent to the court that on the
10th day of November, 1898, the defendants unlawfully and
without any right or legal authority for so doing usurped and
assumed the control and management of said gravel road
leading from and to the points aforesaid in
PETITION.        said county and have established tollgates and
toll houses on said road and are now maintain-
ing the same collecting toll without any right or legal au-
thority for so doing. And that the said Andrew J. Forgey,
the last named defendant, claiming authority from the
county court of Pike county has assumed control of said road
as road superintendent and is now under the directions of his
codefendants unlawfully and illegally collecting tolls from
all persons who travel upon said road.

Plaintiffs further represent to the court that they be-
lieved and charge the fact to be that the corporate existence
of the corporation hereinbefore mentioned that built and
maintained said road has expired by virtue of the limitation
upon the life of said corporation. Plaintiffs therefore say
and charge the fact to be that said gravel road reverted to
and belongs to the general public divested and disburdened
of all tolls and charges for travel thereon.

"The plaintiffs, therefore, say that the first three named
defendants as the judges of the county court of Pike county,
Missouri, pretending and assuming to act for said county,
appointed or attempted to appoint the said Andrew J. For-
gey as the agent of said county to establish and maintain toll-
gates of said road and to demand and collect toll from all
persons traveling on said road. That said defendants in per-
son or by and through their agents and servants and em-
ployees have unlawfully and without any right or authority

therefor taken possession of said gravel roadbed and the toll-
gates and toll houses thereon and unlawfully have and are
demanding and collecting toll from all persons passing over
and traveling on said road, and especially from these plain-
tiffs in utter violation of the laws of the state of Missouri and
the rights of the public and of these plaintiffs.   And  plain-
tiffs further represent that by reason of the aforesaid unlaw-
ful acts of said defendants these plaintiffs and a large num-
ber of citizens of the township, county and state aforesaid,
have sustained and are sustaining great damage and incon-
venience, for which they can not be compensated by an ac-
tion at law.   And for the injuries and inconveniences sus-
tained they have no adequate remedy except by injunction.
Wherefore plaintiffs pray the court to enjoin and restrain
the said defendants, their agents and servants for collecting
tolls on said gravel road and from in any way interfering
with the use of said road by plaintiffs and the public for such
other orders and decrees as to the court may seem just, legal,
right and proper."

The answer denies the legal capacity of plaintiffs to sue,
admits that McIlroy, Stark and McCune are judges of the
county court of Pike county, and admits that as such judges
they made an order of the county court of Pike county es-
tablishing the road described in the petition as a toll road
and established and are maintaining tollgates in said road;
that they fixed the rate of tolls to be paid and appointed
Forgey as superintendent of said road, with power to appoint
tollgate keepers and to collect the tolls as fixed by the county
court.   The history of the construction and operation of the
road as set forth in the answer and established by the evi-
dence, briefly stated is, that in May, 1857, a number of the
citizens of Pike county filed articles of association forming
a joint stock company under the then existing road law of the
state (G. S. 1855, p. 393) for the purpose of constructing the

road in controversy.    The association was incorporated by act of the legislature in 1860, and re-incorporated in 1870 (Sess. Acts 1870, p. 171), and became defunct March 14, 1890, by reason of the expiration of the time for which it was chartered.    The county of Pike subscribed for $39,000 of the stock of the corporation, which it paid and for which it received certificates of stock.    The road, with the exception of a short extension, was constructed during the life of the corporation and was thereafter maintained by it; tolls were collected and the income derived from this source netting $2,000 per annum was all used in paying a deficit of $1,300 on construction and in maintaining the road in a first-class condition.    No dividends were ever declared or paid to any of the stockholders.    For some reason the officers failed to take notice of the demise of the corporation, and continued to keep up its organization, to collect tolls and apply them to maintenance of the road as during the life of the corporation and in 1891 the officers of the corporation, other citizens to be specially benefited, and the county of Pike, each contributed $1,072.50 in the construction of a two mile extension of the road, which was thereafter taken charge of by the corporation officers as a part of its road, and they continued to collect tolls and to expend the same in keeping the road in good repair until the year 1898, when for the first time the acting officers of the corporation became informed of the fact that the corporation was dead.    When, seeing they were without authority to further operate the road, they went before the county court of Pike county and presented their petition, setting forth the condition of affairs, alleged the fact that the ordinary tax for road proposed to be derived from the districts through which the road runs was wholly inadequate to keep the road in good repair, and ask the court to establish the road as a toll road.    The county court heard the petition and made an appropriate order establishing the road as a toll road, and appointed Forgey as superintendent, who

proceeded to carry out the order of the court, by maintaining tollgates and enforcing the collection of the toll established by the court from the traveling public.    It is admitted that the road as to its physical condition meets all the requirements of a toll road.    The circuit court on a hearing granted the relief prayed for and perpetually enjoined the defendants from maintaining tollgates and collecting tolls on the road.    From this decree the defendants duly appealed, and assign as error, first, that plaintiffs have no legal capacity to prosecute this action.

The only allegation of injury or damage which will accrue to plaintiffs by reason of the maintenance of the toll gates in the road is found in the following paragraph of the petition, to wit:    "And plaintiffs further represent that by reason of the aforesaid unlawful acts of said defendants these plaintiffs and a large number of citizens of the township, county and state aforesaid have sustained and are sustaining great damages and inconvenience, for which they can not be compensated by an action at law.    And for the injuries and inconveniences sustained they have no adequate remedy except by injunction."    From this paragraph it affirmatively appears that plaintiffs have not sustained, nor will they sustain any greater damage than have been and will be sustained by the traveling public generally, and that the inconvenience of which they complain is not peculiar to them nor in any wise greater than the inconvenience of the public generally using the road; in other words, no special damage or inconvenience is alleged.    Tollgates in a highway are an obstruction to travel, and when unlawfully maintained are a public nuisance ( 1 Wood on Nuisance, p. 300; 1 Spelling's Extraordinary Relief, sec. 373), and those engaged in erecting and maintaining them are guilty of a misdemeanor.    But county courts in this state have exclusive jurisdiction over all the public roads in their respective counties.    They may establish and vacate public roads, and special authority, by

sections 7828 and 7915, Revised Statutes, is conferred on them to establish toll roads. The complaint is not that the road was established as a toll road without any authority, but that the county court exceeded its authority and established the road as a toll road on facts and evidences which did not warrant the order; in other words, that it erred in its judgment. The road is a public road, established as a toll road by competent authority; its maintenance as a toll road is a matter of public concern, and if there has been an abuse of the power delegated to the county court by the legislature to so establish it, the correction or restraint of that abuse by legal proceedings is lodged in the public, and not in any private individual, unless he will suffer private injury thereby. In such circumstances it is well settled law that a private citizen can not maintain an action for the correcting of the public wrong, unless he specifically alleges and proves that the public wrong has done or is about to do him a private injury, in addition to and over and above the one suffered by him in common with the public. Bliss on Code Pleading, sec. 81; Cummings v. St. Louis, 90 Mo. loc. cit. 264; Martindale v. Railroad, 60 Mo. 509; Kinealy v. Railroad, 69 Mo. loc. cit. 663; Glaessner v. Brew. Ass'n, 100 Mo. 508; Glasgow v. City, 107 Mo. 198; Kitchell v. Manchester Road Electric Railway Co., decided at present term of this court, and not yet reported; Elliott on Roads & Strs. 296, 297; Spellings Extra. Relief, sec. 423. High in his excellent work on Injunctions, section 816, says: "When the erection of a tollgate in the highway will operate as a public nuisance, it may be restrained at the suit of an adjoining property owner who sustains special injury. * * * The obstruction of a highway by the erection of a tollgate, and demanding and receiving toll from persons crossing a bridge in the highway, although a public nuisance, will not be enjoined when plaintiffs show no special damage or injury to themselves distinct

*Pleading* and *proof.*

from that sustained by the public." In volume 10, Encyclopedia Pleading and Practice, page 897, it is said that "it is settled by numerous authorities, English and American, that a suit for an injunction to restrain public nuisances, purprestories, obstructions of highways and other public wrongs, can not be maintained by a citizen on the ground that his interests and rights as a member of the state will be interfered with, where the injuries which he apprehends are of the same kind as those which will be sustained by the people at large, and that the rule has been rigidly adhered to in a great variety of cases." To this text is a foot note citing numerous cases from nearly all the states and a number of cases decided by the United States supreme court. The further citation of authorities to show that plaintiffs have no legal capacity to prosecute the suit, seems to us unnecessary, and we reverse the judgment. All concur.