## W. S. HODSON, Appellant, v. H. L. WALKER and TESS WOODS, Respondents.

### Kansas City Court of Appeals, May 19, 1913.

1. **EQUITY: Right to Restrain Nuisance or Commission of Crime: Pleading.** Equity can never be used as a means of enforcing the criminal laws, or of restraining the commission of crime where it is unconnected with property rights.

2. ————: **Pleading: Public Nuisance.** A petition is demurrable which seeks to restrain the maintenance of a bawdy house it fails to show any peculiar special injury beyond that done to the community at large. Only public officers can maintain suits to restrain public nuisances, where no special private injury is alleged.

3. ————: **Pleading: Adequate Remedy at Law.** It is not sufficient to merely allege that plaintiff has no adequate remedy at law. Traversable facts must be alleged from which it can be seen there is no adequate remedy.

4. ————: ————: **Demurrer.** Where a petition in equity discloses no equitable right in plaintiff a demurrer thereto is properly sustained.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*A. Bowers, Charles E. Strop* and *Eugene Silverman* for appellant.

(1)   Houses·of prostitution are public nuisances which the State or any private citizen suffering special injury may suppress by injunction.   The authorities supporting this proposition of law are so numerous that we cite only a few of the best known cases.   Seifert v. Dillon, 83 Neb. 322, 17 Am. & Eng. Ann. Cas. 1126, 19 L. R. A. (N. S.) 1018; Blagen v. Smith, 34 Ore. 394, 44 L. R. A. 522; Ingersoll v. Rosseau, 35 Wash. 92, 1 Am. & Eng. Ann. Cas. 35; Tedescki v. Berger, 43 So. (Ala.) 960, 11 L. R. A. (N. S.) 1060; Weakley v. Page, 102 Tenn. 178, 46 L. R. A. 552.   (2) And the fact that such premises were so used prior to appellant's purchase, if such is the fact, is immaterial. (3)   Even as to landlord and tenant it is well settled that where a lessor has no adequate remedy at law an injunction will lie to restrain the lessee from an objectionable use of the premises.   24 Cyc. 1064, and cases cited.   (4)   And a right of re-entry is not an adequate remedy.   Godfrey v. Black, 39 Kan. 193.   (5) Appellant suffers special injury by reason of the depreciation in value of his property, the indecencies he is compelled to come in contact with, and the scorn and contempt to which he is subjected.   He has no adequate remedy at law.   An action for recovery of possession is inadequate because the contract of sale would remain as a cloud upon appellant's title.   "It is not enough that there is a remedy at law.   It must be plain and adequate or in other words as practical and efficient to the ends of justice and its prompt administration as the remedy in equity."   Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580, citing Boyce v. Grundy,

3 Pet. 210; North v. Peters, 138 U. S. 271, 34 L. Ed. 936; Summer v. Crawford, 91 Tex. 129; Dycus v. Tradeis Co., 113 S. W. 329.

*E. M. Swartz* and *G. L. Zwick* for respondent.

(1) If the petition means what it says, that respondents are in possession under an illegal contract, as he pleads, then we submit that appellant is without standing in either a court of law or equity. The "contract" of sale could not be enforced. Sprague v. Rooney, 104 Mo. 349, 16 S. W. 505. Neither could rent be collected. Ashbrook v. Dale, 27 Mo. App. 649, 19 L. N. S. 663, note. Surely if appellant has not standing under his admission in his pleading in a court of law because of illegality, equity cannot clear his skirts. (2) The petition does not state a cause of action, and does not state any traversable facts showing appellant entitled to relief in equity. State ex rel. v. Wood, 155 Mo. 425-56, —— S. W. 474; Verdin v. St. Louis, 131 Mo. 105, 33 S. W. 498; Humphreys v. Milling Company, 98 Mo. 542; Woolfolk v. Kemper, 31 Mo. App. 421; Spitz v. Kerfoot, 42 Mo. App. 77. At least, equity will not interfere in doubtful cases until there has been a judgment at law. Harrelson v. Railroad, 151 Mo. 482, 52 S. W. 368. To comply with the statute, Sec. 2534, R. S. 1909, appellant must allege that he has not an adequate remedy at law in an action for damages. This he has failed to do. Gordon v. Mansfield, 84 Mo. App. 367; Bank v. Kercheval, 65 Mo. 682; Towne v. Bowers, 81 Mo. 491; Harris v. Township Board, 22 Mo. App. 462; Bailey v. Wade, 24 Mo. App. 186; Brewing Co. v. Water Works Co., 34 Mo. App. 49; School District v. Young, 152 Mo. App. 304, 133 S. W. 143.

TRIMBLE, J.—Appellant filed a bill in equity wherein he alleged that he is the owner of a certain lot and building thereon, and the furnishings therein located, in the city of St. Joseph, having purchased

the same from one Mary W. Lutz; that his ownership
is subject to a contract in writing made by said Lutz
with Tess Woods prior to the deeding of said prop-
erty to appellant, in which contract said Lutz under-
took to rent said property to Tess Woods and gave
her an option to buy same, and agreed to convey same
to her when the said Tess Woods had paid the pur-
chase price of $26,800 in payments as follows: $10,000
in five years with six per cent interest per annum pay-
able monthly beginning May 21, 1911, and $16,800 in
weekly installments of $65, each beginning April 22,
1911, and ending June 24, 1911, and $75 per week
thereafter until said $16,800 is fully paid; that in said
contract it is further provided that said Tess Woods
shall keep the property in repair, pay all the taxes,
and faithfully perform all stipulations therein con-
tained, and make all weekly payments therein required
and a failure to do so shall cause a forfeiture of the
premises, give a right of re-entry to the owner, and
the weekly payments made shall be retained as liqui-
dated damages for failure to comply winth the con-
tract, and upon such failure, possession of said prem-
ises shall be delivered to the owner. The petition al-
leges that the contract referred to was in reality a
lease for a bawdy house, so drawn in order to avoid
the consequences of making such a lease; that the pre-
mises are now used for a bawdy house, in which many
lewd women live and engage in whoredom, the sale of
intoxicating liquor, loud, indecent and offensive broils
and the practice of abhorrent and unmentionable vices;
that the maintenance of such brothel is a public nui-
sance and a disgrace and dishonor to the city; that by
reason of all these practices in the use of plaintiff's
property, plaintiff will suffer irreparable damage, his
property rendered worthless and undesirable, and that
such use will continue unless defendants are re-
strained; and that plaintiff has no legal remedy. Where-
fore he prays that said nuisance be abated; that de-

fendants be enjoined from using said premises as a bawdy house and from harboring prostitutes therein.

A demurrer to the petition was filed which the trial court sustained, and plaintiff, refusing to plead further, stood upon the petition. Whereupon judgment was rendered against him and he now appeals.

The question presented for our consideration is not the desirability or the feasibility of efforts to lessen or prohibit the social evil, but to determine the sufficiency of the petition as the foundation of a suit in equity.

There is no allegation in the petition that the defendants are insolvent or unable to make the payments required of them by the terms of the contract. Indeed, the inference is that they are paying these installments promptly, or else the appellant would exercise the right of re-entry provided in the contract. From the allegations of the petition it would seem that the property has increased in value since the contract was executed rather than decreased. There is no allegation in the petition that plaintiff is or was ignorant of the purpose of the contract; or that the property is being used for a purpose different from that contemplated by the parties when it was made. On the contrary, the allegations show that it is being used in strict accord with such intention. The petition shows that the sum of nearly $10,000 has been paid on the purchase price, and that if the defendants do not comply with the terms of the contract, all rights thereunder are lost and the money paid can be retained as liquidated damages. Appellant owns no other property in the vicinity to suffer deterioration or loss. There is nothing to show that he is or has been in any way prevented from taking possession of said property for breach of any conditions in said contract; nor are any facts pleaded which show any danger of loss or injury to him. On the contrary, the facts pleaded show that he is not in any danger of irreparable injury from depreciation in val-

ue. In other words, his desire and purpose to restrain the alleged vicious and unholy practices complained of is not connected with the preservation or conservation of any property rights whatever. He is seeking to prevent the commission of such practices, and compel an observance of both morals and law by means of a court of equity. But relief of this nature cannot be granted by equity courts. Equity can never be used as a means of enforcing the criminal laws, or of restraining the commission of crime where it is not connected with property rights. [State ex rel. v. Schweickardt, 109 Mo. 496, l. c. 515.] In such cases public officers are the only parties who can maintain a suit in equity to restrain nuisances. State ex rel. v. Vandalia, 119 Mo. App. 406, l. c. 418 and cases cited; unless, of course, the complainant can allege and show some peculiar special injury beyond that done to the community at large. [Swain v. Railroad, 97 N. E. 247; Schenrich v. Light Co., 109 Mo. App. 406; Spence v. Finchler, 151 S. W. 1094; Givens v. McElroy, 79 Mo. App. 671.]

While the petition contains the allegation that plaintiff has no adequate remedy at law, yet there are no traversable facts pleaded from which such absence of a plain and adequate remedy at law can be seen. [State ex rel. v. Woods, 155 Mo. 425, l. c. 449; Verdin v. St. Louis, 131 Mo. 26, l. c. 105-6.]

If the allegations of the petition concerning the contract under which defendants are holding possession are true, then such contract is illegal. [Sprague v. Rooney, 104 Mo. 349.] And a suit for possession based on that ground could be maintained. Upon the establishment of that fact, no cloud would remain on plaintiff's property since the law would declare that such contract had no existence from the beginning. [Sprague v. Rooney, 104 Mo. l. c. 360.] Besides, if such contract is a cloud on the title, the procedure in

this case will in no way remove it but will rather fasten it still tighter with a moral stigma added thereto.

The petition clearly disclosed no equitable right in plaintiff to proceed on the facts alleged. We do not say that no circumstances nor allegation of any kind would entitle plaintiff to equitable relief but only that, under the facts as alleged by him in this particular petition, he is not entitled to the aid of equity. The judgment of the circuit court is affirmed. All concur.