230 S.W.2d 169 (1950)
MISSOURI VETERINARY MEDICAL ASS'N
v.
GLISAN.
No. 27868.
St. Louis Court of Appeals. Missouri.
May 16, 1950.
Carl F. Sapp, Columbia, J. Andy Zenge, Jr., Canton, for appellant.
Hilbert & Veatch, Monticello, for respondent.
WOLFE, Commissioner.
This is an action in which plaintiff seeks to enjoin the defendant from the unlicensed *170 practice of veterinary surgery, veterinary dentistry and veterinary medicine. The defendant moved to dismiss the plaintiff's petition on the ground that it did not state a claim upon which relief could be granted. This motion was sustained and from the order dismissing the petition the plaintiff appeals.
The petition is as follows:
"Comes now the plaintiff and states that the defendant is a resident of Lewis County, Missouri, and that the Missouri Veterinary Medical Association is a corporation duly organized under the provisions of Article 11, Chapter 90 of the Revised Statutes of Missouri 1919 [Mo.R.S.A. § 5436 et seq.], for the purpose of furthering the veterinary medical profession in the State of Missouri, and as a representative body of all duly licensed and authorized veterinarians in the State of Missouri, and that this suit is brought on behalf of the Missouri Veterinary Medical Association, and on behalf of all members of said association who are duly licensed veterinarians engaged in the practice of veterinary surgery, veterinary medicine and veterinary dentistry in the State of Missouri.
"Plaintiff states that the defendant professes publicly to be a veterinarian and for compensation does prescribe for afflicted animals and perform surgical and dentistry operations upon domestic animals and in the past has engaged and at the present time is engaged in the practice of veterinary surgery, veterinary medicine and veterinary dentistry and prescribes treatment for and performs surgical operations upon domestic animals, and does receive compensation therefor, and that the defendant has repeatedly practiced veterinary surgery, veterinary medicine and veterinary dentistry for compensation throughout the State of Missouri.
"Plaintiff further states that on or about November 27, 1946, the defendant was called by one Robert S. Maiers to perform veterinary work and that the defendant did undertake to perform, as a veterinarian veterinary services consisting of treating and administering to a cow belonging to Maiers; that on or about June 1, 1948, the defendant was called by one H. C. O'Dear to perform veterinary work and that the defendant did undertake to perform, as a veterinarian, veterinary work and service consisting of double treating a sow with serum and virus for the prevention of hog cholera; that on or about November 20, 1948, the defendant was called by one Forest Washburn to perform veterinary work and that the defendant did undertake to perform, as a veterinarian, veterinary work and service consisting of double treating two red shoats with serum and virus for the prevention of hog cholera; that at various times the defendant has been employed as a veterinarian to render professional veterinary services for Glenn Henry and Henry Lloyd, and that the defendant has undertaken to perform veterinary services for said persons as a veterinarian; and that in all the foregoing instances above set out, the defendant has been paid and did receive compensation for his services rendered.
"Plaintiff further states that at no time has the defendant ever received from the State of Missouri or from any other source a license authorizing him to practice within the State of Missouri veterinary surgery, veterinary medicine or veterinary dentistry, or to prescribe treatment for or perform any surgical operation upon any domestic animal, and that at all times mentioned in the plaintiff's petition the defendant was not a licensed veterinarian and was not legally authorized to perform veterinary surgery, veterinary medicine or veterinary dentistry, or to prescribe treatment for or perform any operation as aforesaid, and that at all of said times the said defendant was acting illegally and in violation of the State of Missouri, and that the defendant at said times and now has no legal right to engage in the practice of veterinary surgery, veterinary medicine or veterinary dentistry, or perform any of the acts for compensation as set out in the plaintiff's petition herein.
"Plaintiff states that it is unlawful and illegal for the defendant to hold himself out as a veterinarian and to engage for compensation in the practice of veterinary surgery, veterinary medicine or veterinary dentistry, and to prescribe treatment for or *171 perform any surgical operations upon any domestic animal, and that to permit the defendant while not being a licensed and registered veterinarian, duly licensed under the laws of the State of Missouri, to practice as aforesaid is in violation of the laws of the State of Missouri and is contrary to the public policy of the State of Missouri, as evidenced by Article 12, Chapter 102 of the Revised Statutes of Missouri, 1939 [Mo.R.S.A. § 14234 et seq.], and that to permit the defendant to hold himself out as a duly registered and licensed veterinarian and to practice as such is a fraud upon the public and is a detriment to and in violation of the rights and privileges of the plaintiff and all those duly licensed and registered veterinarians situated within the State of Missouri who compose and make up the Missouri Veterinary Medical Association, and that the defendant should be enjoined and prohibited from holding himself out as a duly registered and licensed veterinarian and from engaging in the practice for compensation of veterinary surgery, veterinary medicine or veterinary dentistry, and from prescribing treatment for or performing surgical operations upon domestic animals.
"Plaintiff states that it has no adequate remedy at law, and that the violations of the defendant as aforesaid are continuous and would require a multiplicity of suits for damages by violation thereof, and that the defendant's practice as aforesaid is in violation of the public policy of the State of Missouri.
"Wherefore, plaintiff prays the Court that the defendant be permanently and forever restrained and enjoined from engaging in the State of Missouri in the practice of veterinary surgery, veterinary medicine and veterinary dentistry for compensation and from prescribing treatment for or performing any surgical operation on any domestic animal for compensation in said state, and for such other orders as to the Court may seem proper, and for their costs."
In finding the petition insufficient the court held that it failed to state facts upon which injunctive relief could be granted, and further held that if such relief could be granted the plaintiff was not the proper party.
Section 14234, R.S.Mo. 1939, Mo.R.S.A. § 14234, provides that it shall be unlawful for any person in the state to engage in the practice of veterinary surgery, veterinary medicine or veterinary dentistry unless such person be a registered veterinarian. The succeeding sections set forth how a veterinarian shall be licensed, and section 14243 provides that one practicing without a license shall be punished by fine and imprisonment in jail.
The acts complained of in the petition are illegal acts which constitute an offense punishable under the laws of the state and this fact presents the question of whether or not a court of equity can enjoin acts violating the criminal law. As a general rule it may not do so. The reason that such relief is beyond the scope of equitable jurisdiction is that the acts complained of are already enjoined by law with a prescribed punishment for their commission and for the further reason that to proceed in equity against an offender might deprive him of the protection afforded by criminal law and procedure. State ex rel. Crow v. Canty, 207 Mo. 439, 105 S.W. 1078, 15 L.R.A., N.S., 747, 123 Am.St.Rep. 393, 13 Ann.Cas. 787; State ex rel. Delmar Jockey Club v. Zachritz, 166 Mo. 307, 65 S.W. 999, 89 Am.St.Rep. 711; Hodson v. Walker, 170 Mo.App. 632, 157 S.W. 104; State ex rel. Wood Attorney General, v. Schweickardt, 109 Mo. 496, 19 S.W. 47; Clark v. Crown Drug Co., 348 Mo. 91, 152 S.W.2d 145. This rule is not without its exceptions however, for where injury to property rights or a public nuisance arises from the acts complained of equity will not be prevented from giving relief simply because the offending acts are criminal in nature.
Our Supreme Court has stated: "The power of equity to enjoin the doing of acts threatening irreparable injury to property rights or which would constitute a public nuisance is inherent and has been exercised, both in England and America, by courts of chancery since their evolution as a distinct tribunal, nor can this power be devested *172 because the performance of such acts may be a violation of the criminal law. On the other hand, a court of equity is powerless to enjoin the commission of any crime not violative of property rights nor involving the creation of a public nuisance, for the reason that it has no jurisdiction to enforce the criminal law nor to prevent the performance of any act of a criminal nature which does not necessarily prejudice private or public rights subject to its jurisdiction and control." State ex rel. Chicago, B. & Q. R. Co. v. Woolfolk, 269 Mo. 389, 190 S.W. 877, 878.
Since the alleged unlawful veterinary work of the defendant cannot be enjoined simply because it is unlawful, the petition must show that the conduct of defendant threatens injury to its property rights or that the conduct complained of is a public nuisance. The appellant strives to uphold the petition on both premises.
Considering first the question of what property rights of the plaintiff might be affected by the continued practices alleged, we are confronted with the fact that the plaintiff is a corporation chartered for "furthering the veterinary medical profession" and as "a representative body of all duly licensed and authorized veterinarians". It is engaged in no work nor has it any property rights that the defendant harms by his activities. There is nothing pleaded to show that its "rights and privileges" have been invaded or threatened by the defendant, for it is not engaged in veterinary work. In apparent recognition of this plaintiff seeks to assert a right to bring this action on behalf of its members.
Such a proposition ignores the law which requires that an action shall be brought in the name of the real party in interest. Laws of Mo. 1943, p. 353, sec. 11, Mo.R.S.A. sec. 847.11. No matter how solicitous the plaintiff may be of the rights of its members it cannot by reason of its design or desire to help them sue in its own name to enforce their rights.
Plaintiff seeks to have us consider this as a class action and to support that position it cites with other cases Seifert v. Buhl Optical Co., 276 Mich. 692, 268 N.W. 784. This was a suit by three registered optometrists and the Michigan Society of Optometrists who, on behalf of themselves and all registered members of their profession, sought to enjoin the illegal sale of eye glasses. In granting the injunction the court did not pass upon the association's right to be a party plaintiff but held that if it had no property rights involved the fact that it was joined as a party plaintiff constituted only a misjoinder which in no way affected the right of the other plaintiffs to bring the suit.
Another case relied upon is State Bar of Oklahoma v. Retail Credit Association, 170 Okl. 246, 37 P.2d 954, 956. This involved an action to enjoin the defendant from engaging in certain practices for the collection of bills. The opinion points out that the State Bar of Oklahoma was created by statute for the express purpose of "advancing the science of jurisprudence and the * * * administration of justice." It was an arm of the court and acting as such, so there is no parallel between it and the corporate plaintiff in the case under consideration.
Class actions should be brought by a party or the parties having a right to relief, for the benefit of themselves and others so situated. No facts are alleged that indicate the plaintiff itself suffered in any way by reason of the defendant's practice, and since plaintiff was entitled to no relief it could not bring an action for the benefit of others. It appears that the court properly held the petition failed, on this ground, to state a cause of action.
The remaining question is whether or not the allegations charge a public nuisance which could be enjoined on the petition of plaintiff. There is no averment that the defendant was unskilled in the performance of the practice in which he engaged or that the animals administered to, by him, were improperly treated. The petition boils down to one charge and that is that the defendant operates without a license. Though this is an offense, it is not of itself a public nuisance. Equity should not be called upon that ground to enjoin him when he stands enjoined by *173 law and may be prosecuted for its violation. If, however, we assume the converse, this action still cannot be maintained by the plaintiff, for a public nuisance cannot be restrained by a suit of an individual suffering no special injury from it. Christy v. Chicago, B. & Q. R. Co., Mo.App., 212 S.W.2d 476; Arcadia Realty Co. v. City of St. Louis, 326 Mo. 273, 30 S.W.2d 995; John K. Cummings Realty & Investment Co. v. Deere & Co., 208 Mo. 66, 106 S.W. 496, 14 L.R.A., N.S., 822; Hodson v. Walker, 170 Mo.App. 632, 157 S.W. 104.
The court was correct in holding that the plaintiff was not a proper party to the suit and that the petition failed to state facts upon which an injunction could be granted.
For these reasons it is the recommendation of the Commissioner that the judgment be affirmed.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly affirmed.
ANDERSON, P. J., and HUGHES and McCULLEN, JJ., concur.