249 S.W.2d 502 (1952)
CONTRACTING PLUMBERS ASS'N OF ST. LOUIS
v.
CITY OF ST. LOUIS et al.
No. 28293.
St. Louis Court of Appeals, Missouri.
May 20, 1952.
*503 James E. Crowe, City Counselor, City Hall, Charles J. Dolan, Associate City Counselor, St. Louis, Thompson, Mitchell, Thompson & Douglas, St. Louis, amicus curiae, for appellants.
Shifrin & Shifrin, St. Louis, for respondent.
HOUSER, Commissioner.
This is a suit under the Declaratory Judgment Act, sections 527.010-527.140, RSMo 1949, V.A.M.S. seeking a judicial declaration that under the 1945 plumbing code of the City of St. Louis the installation of hot water heaters is an act of plumbing and that only duly registered and licensed plumbers may be permitted to make such installations. Plaintiff is a non-profit pro forma decree corporation in which 95 contracting master plumbers operating in the City of St. Louis are associated together for their own benefit and welfare and for the purpose of promoting good health and sanitation. Plaintiff is not engaged in the contracting or plumbing business. Plaintiff purports to bring this action "on behalf of all of its members and under Section 19 of the Code of Civil Procedure, Section 507.070 RSMo 1949, V.A.M.S., on behalf of all other plumbers similarly situated and constituting a class of contracting master plumbers located and operating in the City of St. Louis, Missouri" and alleges that plaintiff and the members of the class for which it sues "do have their rights, status and other legal relationship with their customers past and future affected by the ordinance of the City." Defendants are The City of St. Louis, a municipal corporation, and the individuals holding the offices of mayor, director of public safety, building commissioner and plumbing inspection supervisor of the city.
The petition alleges that under the plumbing code of 1927 permits for the installation of hot water heaters were issued only to duly registered and licensed plumbers but that under the plumbing code of 1945 (Ordinance No. 43,144), as construed by the building commissioner and the plumbing inspection supervisor, any person may install hot water heaters without being a licensed and registered plumber; that defendants failed to enforce the provision of the code prescribing a penalty for working at the business of plumbing without a license; that the installation of a hot water heater is plumbing within the meaning and interpretation of the code and that only licensed plumbers should be permitted to make such installations, after obtaining a permit to do so; that by reason of the interpretation of the plumbing code by the commissioners as aforesaid "a legal dispute has arisen as to the intent, purpose and legal interpretation of the 1945 plumbing code, particularly as it affects the installation of hot water heaters and by whom such installations may be made." The petition prays for a construction of the code insofar as it affects the persons who may be authorized and permitted to make installation of hot water heaters and a declaration of "the plaintiff's rights, status or other legal relationship arising thereunder, particularly to declare that the installation of hot water heaters is an act of plumbing and that only duly licensed and registered plumbers may be permitted to make such installations."
Defendants contested the matter. After a hearing the circuit court decreed that only duly licensed and registered plumbers of the City of St. Louis and service and customer installation employees of the Laclede Gas Company of that city should be permitted to install automatic gas hot water storage tank heaters in the city. Their after-trial motions having been overruled, defendants have appealed to this court urging that the trial court erred (1) in not having dismissed the suit, because no justiciable controversy is presented, and (2) in decreeing that the plumbing code of 1945 imposed any limitation upon the persons who may install water heaters.
*504 The Declaratory Judgment Act provides that any person whose rights, status or other legal relations are affected by a municipal ordinance may have determined any question of construction arising under the ordinance and obtain a declaration of rights, status or other legal relations thereunder. Section 527.020, RSMo 1949, V.A.M.S. The first question is whether the rights, status or legal relations of Contracting Plumbers Association of St. Louis are affected by the ordinance. We have concluded that they are not and that plaintiff is not legally competent to maintain this suit.
The party prosecuting an action must be the real party in interest, under section 507.010, RSMo 1949, V.A.M.S. and this requirement is as fully applicable to a declaratory judgment action as any other. Plaintiff association does not and under its form of organization cannot engage in the contracting or plumbing business. Organized to promote the welfare of its constituent members, it acts on their behalf purely in a representative capacity. It is not subject to regulation as a contracting plumber and is no more subject to the provisions of the plumbing code, and no more interested in its proper interpretation, than any other member of the public. Plaintiff does not assert any right on its part to install water heaters, or that defendants have denied or threatened to deny it permission to exercise that or any other right or privilege. It has no property rights or interests which may be affected by the acts of the defendants. It requests no particular relief for itself, but prays only for a construction of the ordinance which, if adopted by the court, would benefit its members in a financial way by giving them a virtual monopoly in the installation of water heaters, but which would not financially benefit plaintiff as a legal entity in any manner or to any extent whatever. It does not stand to gain or lose, regardless of the outcome of this litigation. Whether the individual master contracting plumbers themselves, if they were parties plaintiff, would have a sufficient interest to entitle them to a construction of the ordinance is questionable. Crank v. McLaughlin, 1942, 125 W.Va. 126, 23 S.E.2d 56; Ex-Cell-O Corp. v. City of Chicago, 7 Cir., 1940, 115 F.2d 627. In any event, there is nothing in the record to show that its "rights, status or other legal relations" have been or will be affected one way or the other by the ordinance, or by its interpretation by the defendants, or by the judgment in this action. It is not a real party in interest and is not entitled to avail itself of the Declaratory Judgment Act to secure a construction of the ordinance.
This follows our previous rulings on the question of the interest which an association has in the prosecution of an action for the benefit of its constituent members. State ex inf. Missouri Optometric Ass'n v. Schneider's Credit Jewelers, Inc., Mo.App., 243 S.W.2d 125; Missouri Veterinary Medical Ass'n v. Glisan, Mo.App., 230 S.W.2d 169. In these cases we held that a beneficial corporation made up of individual members of a profession have no such interest in the illegal practice of that profession as to warrant its bringing an action to prohibit the illegal practice. While neither of these actions was a suit under the Declaratory Judgment Act, the first cited having been a quo warranto proceeding and the second a suit for injunction, the principle is the same. In the optometric case we said, 243 S.W.2d loc. cit. 128:
"* * * its (plaintiff's) alleged interest in seeing that only duly licensed persons practice optometry for the protection of the public is an interest shared by the public at large. A practitioner of optometry might have a special interest in stopping the invasion of his field of endeavor by unlicensed persons, but the association does not practice optometry. It stands on the same footing as a private individual who desires to see the law enforced, but without any private rights or interests which are affected in any way by the alleged conduct of the respondent. * * * the association has failed to allege that it had any interest in the manner in which the respondent exercises its corporate franchise other than the interest common to the general public, and it is not entitled to maintain this action." (Parentheses ours.) *505 In the veterinary case we pointed out that the corporation engaged in no work, had no property rights harmed by the activities of the defendant, and that its rights and privileges were not invaded or threatened by the defendant, "for it is not engaged in veterinary work. * * * No matter how solicitous the plaintiff may be of the rights of its members it cannot by reason of its design or desire to help them sue in its own name to enforce their rights." 230 S.W.2d loc. cit. 172.
In State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, 176, it was ruled that a plaintiff in a declaratory judgment action
" * * * must have a legally protectable interest at stake * * * a legal interest in the relief he seeks. * * * present legal rights against those he names as defendants with respect to which he may be entitled to some consequential relief immediate or prospective. If it appears plaintiff can have no relief against defendant, defendant should not be forced into litigation which can have no possible final result in favor of plaintiff."
In Borchard Declaratory Judgments 2d Ed., 1941, pp. 50, 51:
" * * * it still remains to determine whether the plaintiff has a sufficient interest, pecuniary or personal, to institute a proceeding worthy of judicial relief. He must show that his rights are in direct issue or jeopardy; * * * To challenge other public action, the plaintiff must usually have a direct personal interest likely to be squarely affected. * * * Similarly, with respect to efforts to compel a public body to perform its duty or bring about proper public action, the plaintiff must usually show a more direct interest than that of a mere member of the public. So, a private citizen is deemed to have an insufficient interest in a declaration of what the law is."
Nor may plaintiff maintain this suit on the theory of class representation, for the reason that plaintiff is not a member of the class it is undertaking to represent. Since plaintiff is entitled to no relief it cannot bring an action for the benefit of others. State ex inf. Missouri Optometric Ass'n v. Schneider's Credit Jewelers, Inc., supra, 243 S.W.2d loc. cit. 128; Missouri Veterinary Medical Ass'n v. Glisan, supra, 230 S.W.2d loc. cit. 172.
It is fundamental that in order to maintain an action for a declaratory judgment the case must present a justiciable controversy. Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70; State ex rel. Chilcutt v. Thatch, supra; City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411. An actual controversy must exist between persons whose interests are adverse in fact. The controversy must admit of specific relief through a decree of a conclusive character as distinguished from a decree which is merely advisory as to the state of the law upon purely hypothetical facts. An action is merely advisory when, as here, there is an insufficient interest in plaintiff to justify a judicial determination. State ex rel. Chilcutt v. Thatch, supra, 221 S.W.2d loc. cit. 176. A declaratory judgment must settle actual rights. It is calculated to have a "final and pacifying function." Borchard Declaratory Judgments 2d Ed., 1941, pp. 256, 257.
Since plaintiff did not have a sufficient interest to maintain the action the trial court erred in entertaining the suit and there is no necessity of passing on the further suggestion that appellants are not proper parties defendant in that they have no true interest in opposing the declaration sought, or the contention that a judgment in this action would not be binding upon or conclude the 500 to 600 metal sheet contractors operating within the City of St. Louis, most of whom, according to the evidence, are installing gas water heaters as a part of their business. For the reasons given neither the trial court nor this court may construe the plumbing code of 1945 on the application of this plaintiff, so we will not express any opinion on the construction placed on the code by the trial court.
The judgment should be reversed and the cause remanded with instructions to the trial court to dismiss the petition for declaratory judgment, and the Commissioner so recommends.
*506 PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, reversed and the cause remanded.
BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.