**LINDENWOOD IMPROVEMENT ASSOCIATION, a pro forma decree corporation (Relator), Appellant,**

**v.**

**Frank E. LAWRENCE, Frederick C. Woerman, F. Ray Leimkuehler, John V. Boland, and Martin A. Beffa, constituting the members of the Board of Adjustment of the City of St. Louis, and Benjamin F. Will, Intervenor, Respondents.**

**No. 29139.**

St. Louis Court of Appeals.

Missouri.

April 19, 1955.

Paul E. Fitzsimmons, St. Louis, for relator-appellant.

Samuel H. Liberman, City Counselor, Thomas F. McGuire, Asst. City Counselor, James E. Crowe, St. Louis, for respondents.

COLLINSON, Special Judge.

Certiorari to review a decision of the Board of Adjustment of the City of St. Louis granting Benjamin F. Will a permit to occupy a certain building for "rooming house purposes". The building was, admittedly, in an "A" single family district. The property owner, Mr. Will, was permitted to intervene and file a pleading which was styled "Separate Answer of Intervenor". The circuit court affirmed the decision of the Board of Adjustment, and relator has appealed.

The relator in this case is Lindenwood Improvement Association, a pro forma decree corporation. Intervenor's answer directly raises the issue as to whether or not this relator corporation is an "aggrieved person" within the meaning of Sec. 19D(5) of Ordinance 45309, being that part of the Zoning Ordinance of St. Louis which authorizes circuit court review of decisions of the respondent Board. That section provides:

"Any person or persons jointly or severally aggrieved by any decision of the Board of Adjustment * * * may present to the Circuit Court of the City

of St. Louis a petition, duly verified, setting forth that such decision is illegal in whole or in part and specifying the grounds of the illegality."

This language follows that contained in the enabling legislation, Section 89.110 RSMo 1949, V.A.M.S.

The evidence reveals that Lindenwood Improvement Association is a pro forma decree corporation. Its members are composed of property owners who live in the area bordered by Arsenal on the north, Chippewa on the south, Watson Road on the east, and River Des Peres on the west. The building owned by intervenor is located within this area.

There is no evidence to show that this relator corporation owns any real estate, or for that matter, has any assets of any kind. And, of course, since relator is not shown to have assets, there is no evidence that any pecuniary or property right or interest of relator is affected in the slightest degree by the decision of the Board of Adjustment which it seeks to have reversed.

In the case of Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054, 1058, the Supreme Court, en banc, ruled on this identical statute. In that case there was a contention that an abutting property owner who, of course, was not a party of record in the hearing before the Board of Adjustment, could not maintain certiorari in the circuit court. The court held:

"we think the intent of the statute and ordinance is to permit an owner to intervene by certiorari if he is a party in substance, though not in form—which means that his property interest must be directly and substantially affected".

Certainly, the relator in the instant case cannot qualify in any way under the above rule. It is neither an owner, nor does it have any property interest directly and substantially affected.

This court has, in the past few years, had occasion to rule in three cases brought by pro forma decree corporations. In Missouri Veterinary Medical Ass'n v. Glison, Mo.App., 230 S.W.2d 169 the plaintiff pro forma decree corporation sought to enjoin the unlicensed practice of veterinary medicine by defendant.

In State ex inf. Wallach, ex rel. Missouri Optometric Ass'n v. Schneider's Credit Jewelers, Inc., Mo.App., 243 S.W.2d 125, the relator, another pro forma decree corporation, sought by quo warranto to have the charter of the defendant corporation forfeited for illegal practice of optometry.

In Contracting Plumbers Ass'n of St. Louis v. City of St. Louis, Mo.App., 249 S.W.2d 502, the plaintiff pro forma decree corporation sought a declaratory judgment to determine whether anyone but licensed plumbers could install hot water heaters under the ordinance of St. Louis.

In each of these three cases it was quite obvious that the members, or at least some of the members, of the corporation had a substantial property right which was being affected by the acts complained of in these suits of such diverse nature. In each case, however, this court ruled that the corporation itself had not shown that it had any property right affected. It was further held that the corporation had no right to bring the action on behalf of its members, because of the real party in interest statute of this State. And finally, the court ruled that a suit by such a corporation could not be construed as a class action because if the corporation was entitled to no relief it could bring no action for the benefit of others who might be so entitled.

We think the above cases are controlling. We hold that plaintiff corporation is not an "aggrieved person" within the meaning of the statute authorizing review by certiorari of decisions of the Board of Adjustment of the City of St. Louis, and this appeal should be dismissed for that reason.

The appeal is dismissed.

MATTHES, J., and DOUGLAS L. C. JONES, Special Judge, concur.