David A. STICKELBER, Appellant,

v.

BOARD OF ZONING ADJUSTMENT, Leo Eisenberg, Chairman, James L. Young, Jr., C. Harold Mann, John D. O'Flaherty, and Clair Schroeder, Members of the Board of Zoning Adjustment, and Jack D. White, and William M. Austin, Walker R. James, and Monroe B. Sawyer, Partners d/b/a Oak Street Enterprises, Respondents.

No. 25132.

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

Motion for Rehearing and/or Transfer to the Supreme Court Denied June 2, 1969.

Henry L. Graf, Kansas City, for appellant.

William M. Austin, North Kansas City, Richard N. Ward, Asst. City Counselor, for respondents.

SHANGLER, Judge.

Plaintiff David A. Stickelber appeals from a judgment of the Circuit Court of Jackson County, Missouri, affirming, after review by writ of certiorari, the decision of the Board of Zoning Adjustment of Kansas City, Missouri.

Respondent Oak Street Enterprises was a partnership composed of William M. Austin, Walter R. James and Monroe B. Sawyer. They had examined the zoning ordinances and maps of Kansas City, Missouri and had thereupon concluded that the property located at 4333 Oak Street in Kansas City, Missouri, was in the R–4 Low Apartment District and therefore suitable for their intended purposes. They purchased it on January 7, 1967. Some months later, they obtained a building permit authorizing the construction upon that site of a seventeen unit apartment building. On December 14, 1967, Mr. Jack D. White, Building Code Engineer, suspended the permit because the building plans described a twenty feet front yard "set back", whereas he appears to have tentatively concluded that thirty-one feet "set back" was required. To dispel any lingering uncertainty, he, by letter, requested the Board of Zoning Adjustment "to determine if the property in question is zoned District R–4 Low Apartments". Oak Street Enterprises, on their part, appealed the suspension of the building permit and in so doing, requested the Board to authorize the variance of a twenty feet "set back" for the apartment building project. Appellant Stickelber opposed this requested variance, not only because it was an incidence of "spot zoning", among other reasons, but also because the lawful zoning applicable to the subject site had bifurcated it into R–2a (Two Family Dwelling District) for 85 feet of its 118 feet width and R–4 (Low Apartment District) for the remaining 33 feet. He contended also that when Chapter 65 (Zoning Ordinance) was later amended, new zoning maps supplanted those hitherto applicable and in so doing the zoning designation for the entire Oak Street site was adventitiously and unlawfully changed to R–4.

On January 23, 1968, the board conducted a hearing, received numerous exhibits and other evidence from witnesses. Appellant Stickelber did not personally appear but his opposition to the requested variance

was presented by Mr. Henry Graf, his attorney. The board ruled that the subject Oak Street site was entirely zoned R–4 Low Apartment District and also, in effect, approved the requested "set back" variance. Appellant had certiorari thereof, and this appeal follows.

Reviews of the decisions of boards of adjustment by writ of certiorari are authorized and prescribed by Section 89.110, V. A.M.S.1959, of the Zoning Enabling Act. Section 65.320 of the Revised Ordinances of Kansas City, Missouri adopts the essential language of the enabling statute. The relevant portions of the ordinance provide:

"Sec. 65.320. Appeals from decisions of the board of zoning adjustment.—Any person or persons jointly or severally aggrieved by any decision of the board, or any office, department, board or bureau of the municipality, may present to the circuit court of the county in which the property is situated a petition, duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the ground of the illegality."

Respondents contend that the evidence does not support plaintiff Stickelber's status as an "aggrieved person" within the meaning of the statute and ordinance cited, as no evidence was presented that plaintiff owned property, was a resident of Kansas City or was "in any way affected by the decision of the Board of Adjustment". Therefore, plaintiff was entitled neither to the review of the Board's decision by certiorari nor to this appeal from the court's ruling thereon. We concur with respondents and conclude that under the evidence, plaintiff was not an "aggrieved person".

There is no competent record evidence of either identity or interest to link plaintiff with the proceedings before the Board of Zoning Adjustment. He did not attend the hearing before it and gave no testimony. In effect, the single reference to him in the entire record was his attorney's declaration "I work for Mr. David Stickelber, who lives at 4335 McGee Street". As the

attorney was not then sworn, even that inconsequential offering cannot be considered in evidence. State ex rel. Cooper v. Cowan, Mo.App., 307 S.W.2d 676; compare, also; Cohen v. Ennis, Mo.Sup., 318 S.W.2d 310. Appellant refers us as well to the testimony of witness Arlene Lindsey, presumably as the basis for an inference that appellant owned property in the vicinity of the subject site. She appeared on behalf of her father, Mr. Morris, who owned property at 4300 McGee and was instructed by him to express his views in favor of allowing the variance respondents sought. Mr. Graf, appellant's attorney repeatedly objected to her testimony, the rulings to which are unclear. The entire colloquy involving witness Lindsey, attorney Graf, respondent Austin and members of the Board of Zoning Adjustment was disjointed and virtually incoherent. Her testimony could not reasonably be construed to raise the suggested inference that Mr. Stickelber owned property in some proximity to the subject site. Such use of transcript testimony is both misleading and disingenuous.

■ Generally, "to qualify as a person aggrieved by an administrative decision it is necessary to demonstrate that the decision in issue will have a singular impact upon some legally protectable interest of the plaintiff". Anderson, American Law of Zoning, Volume 3, page 561. Whether a person owns such a protectable interest which has been adversely affected by the board's decision "is a matter for ad hoc determination by the courts" under the given circumstances. Rathkopf, Law of Zoning and Planning, Volume 2, Chapter 63–16. An owner of abutting property was held to be entitled to intervene by certiorari as an aggrieved person for the review of a decision of the Board of Adjustment, as "the intent of the statute and ordinance is to permit an owner to intervene by certiorari if he is a party in substance, though not in form—which means that his property interest must be directly and substantially affected". Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054, at page 1058. This inter-

est, however, need not take the form of the depreciation in the value of the plaintiff's property or any special pecuniary damage; "an interest in the continuation and observance of the * * * classification of the zoned district in which they reside and own property * * *" suffices to qualify as an aggrieved person. Kellog v. Joint Council of Women's Auxiliaries Welfare Ass'n, Mo.Sup., 265 S.W.2d 374, at page 376; State ex rel. Housing Authority of St. Louis County v. Wind, Mo.App., 337 S.W.2d 554, at page 558.

■ It has been intimated that as the validity of zoning ordinances has been predicated upon "the protection of the public health, safety, morals and welfare, as was held in Flora Realty & Investment Co. v. City of Ladue, 362 Mo. 1025, 246 S.W.2d 771, it might well be argued that every resident in the community would, in some measure, have an interest in protesting the issuance of a building permit issued in violation of the applicable ordinance", State ex rel. Housing Authority of St. Louis County v. Wind, supra, loc. cit. Under our decisions, however, it is clear that to gain standing as an aggrieved person within the context of our discussion, one must demonstrate a specific and legally cognizable interest in the subject matter of the administrative decision and that he has been directly and substantially affected thereby. It is to be "distinguished from one who is merely within the general class of taxpayer or resident whose only interest in the determination made is its claimed adverse effect upon the zoning regulations as embodied in the comprehensive plan and an interest in their strict enforcement". Rathkopf, op. cit., loc. cit., Chapter 63–18. In that regard, a pro forma decree corporation, members of which owned realty within the city, but which itself owned none and had no assets of any kind, was denied review by certiorari of a decision of the city's Board of Adjustment granting a permit to a property owner for use of the premises as a rooming house, because the corporation was held not to be an aggrieved person. Lindenwood Improvement Association v. Lawrence, Mo.App., 278 S.W.2d 30.

In a case *not* involving judicial review of an administrative decision, a corporation was accorded standing as an aggrieved person entitling it to petition the board of zoning adjustment for variance from building restrictions on certain lots, notwithstanding it no longer owned them, when the corporation's sale of an adjacent lot was contingent upon the grant of the variance. Vinyard v. St. Louis County, Mo. Sup., 399 S.W.2d 99. This decision is significant, by analogy, on the question of the interest required to invoke judicial review as an aggrieved person.

■ A person's entitlement to proceed as an aggrieved person may depend as well upon the proximity of his property to that for which a variance or other use permit has issued, Hernreich v. Quinn, Kellog v. Joint Council of Women Auxiliaries Welfare Ass'n, State ex rel. Housing Authority of St. Louis County v. Wind, all supra, or whether the person seeking to assert that status would be bound by the decision of the given tribunal but whose interests might not otherwise be adequately represented. State ex rel. Algonquin Golf Club v. Lewis, Mo.App., 395 S.W.2d 522.

■ Our decisions relating to this rather limited area of the law are not numerous. (See: Annotation 89 A.L.R.2d 663, wherein interspersed cases on the point are discussed.) It was not shown that plaintiff had a property interest directly and substantially affected by the decision of the board. Nor can he be deemed to have been an aggrieved person by any other criterion prescribed and recognized by our decisions and as intended by the statute and ordinance authorizing review by certiorari of decisions of the Kansas City, Missouri Board of Zoning Adjustment. On the basis of the record, he was hardly more than an intermeddler.

The appeal is dismissed.

All concur.